Arthur SCHWARTZ et al., individually and on behalf of other writers and composers of musical compositions similarly situated, Plaintiffs,

v.

BROADCAST MUSIC, Inc., et al., Defendants.

United States District Court
S. D. New York.
May 3, 1955.

Francis C. Leffler, New York City, for plaintiffs, for the motion.

Bannister, Stitt, Holloway & Krause, New York City, Edward W. Stitt, Jr., New York City, of counsel, for proposed substituted attorney.

Hays, St. John, Abramson & Heilbron, New York City, for present attorneys of record.

WEINFELD, District Judge.

Plaintiffs in this anti-trust suit move for an order of substitution of a former partner of the present attorneys of record in the latter's place and stead. Thirty-two of the thirty-three plaintiffs have filed duly acknowledged consents to the substitution. (The thirty-third plaintiff is in Europe and it is anticipated his formal consent will soon be filed.) The issues on the motion center about the terms and conditions upon which the substitution is to be granted.

A client may discharge his attorney at any time and for any reason, however arbitrary. This absolute right of discharge may be exercised in the face of a specific retainer agreement and unlike the rule in ordinary contract relationships, cancellation does not constitute a breach of contract. The right is a necessary incident of the lawyer-client relationship which, if it is to serve the client's interests, must at all times rest upon a foundation of mutual respect and confidence. But when the client exercises this power of substitution, it must be on terms which are fair and fully protect the rights of the former attorney for the value of the services rendered prior to discharge. Further, where the attorney is discharged without cause he is entitled to recover on a quantum meruit basis and the original agreement may

not limit the amount of the charge although it may be taken into account in determining the fair and reasonable value of the services rendered.[1]

■ In the instant case, in addition to the usual single dispute between lawyer and client as to terms of the agreement or the value of the services, another controversy emerges from the papers presented on this motion—one between the attorneys of record (referred to hereafter as the former attorneys) and their former associate, referred to hereafter as the new attorney. This dispute amongst the erstwhile partners touches not only upon the present suit but other matters as well. As is not uncommon in such situations their differences are tinged with some acrimony. I hold that the issues arising out of the partnership affairs are not relevant on this application for a substitution; they are the subject of an independent accounting proceeding which involve the rights of the former partner. We are here concerned only with the controversy between the clients and their former attorneys.

The action is described as a class suit instituted by the plaintiffs individually and on behalf of all other writers and composers of musical compositions similarly situated. The defendants are radio and television corporations, music publishing concerns, and individuals associated with them. Damages are claimed in the sum of $150,000,000. The clients contend that the former attorneys were retained under an agreement whereby they were to be paid a fixed monthly fee and disbursements during the pendency of the action, which was to be in full discharge for all services rendered—and specifically that the attorneys' compensation was not to include any amount based upon such damages as might ultimately be recovered. Contrariwise, the attorneys assert that if plaintiffs were successful in this action additional compensation over and above the monthly retainer was to be paid, measured by the amount of the recovery. It is not contended that any fixed percentage was stated and no written retainer agreement was entered into—even with respect to the monthly fee.

Accordingly the clients urge they are entitled to an immediate unconditional substitution whereas the former attorneys seek a lien for the value of the services rendered to the date of their discharge. The parties recognize that this controversy cannot and should not be decided upon affidavits but disagree as to when the issue should be heard. The clients seek an immediate determination whereas the former attorneys ask that the matter be deferred until the conclusion of the trial.

■ I am of the view that since the claim is that part of the fee was to be based upon a recovery, the issue should be determined when the final outcome of the litigation is known. Several reasons suggest this as the fair disposition. If plaintiffs' position that the monthly payments reflect the sole agreement between the parties is upheld there can be no prejudice to them whether the matter is disposed of now or after the trial. On the other hand, if the position of the former attorneys is sustained, then the relationship between the services rendered prior to March 1, 1955 and those performed thereafter and the respective contributions to the ultimate result becomes significant. The value and the impact of the services contributed respectively by the former attorneys and those to be rendered by the new attorney upon the final outcome cannot be ascertained until the case is tried. As pointed out in Matter of Tillman, 259 N.Y. 133, 135, 181 N.E. 75, 76, "The value of one attorney's services is not measured by a result attained by an-

1. In re Paschal, 10 Wall. 483, 77 U.S. 483, 496, 19 L.Ed. 992; Matter of Montgomery's Estate, 272 N.Y. 323, 6 N.E.2d 40, 109 A.L.R. 669; Matter of Krooks, 257 N.Y. 329, 178 N.E. 548; Martin v. Camp, 219 N.Y. 170, 114 N.E. 46, L.R.A. 1917F, 402; Matter of Dunn, 205 N.Y. 398, 402, 98 N.E. 914. See also McKinney's Consol.Laws N.Y., c. 30, Judiciary Law, § 475.

other." To make a determination at this time in the absence of these presently unknown elements could prejudice the rights of the substituted attorneys.

I am not impressed with the clients' contention that unless the matter is now disposed of likely prejudice will result because memories may grow dim or witnesses may not be available by the time the case is reached for trial—a circumstance which attaches itself to almost every litigation. Certainly the vigor of expression by the contending parties as to the precise terms of the fee arrangement suggests that the present recollections of those who allegedly participated in the discussions leading to the retainer are fresh and alive. A ready means is at hand to preserve those recollections.

The motion for substitution is granted. The matter of the lien of the former attorneys is reserved for determination until the conclusion of the trial unless previously disposed of by agreement between the parties.

Settle order on one day's notice.