See also 26 F.R.D. 603; 26 F.R.D. 607.

**UNITED STATES of America,**
**Plaintiff,**

v.

**NATIONAL STEEL CORPORATION,** Stran-Steel Corporation, Metallic Building Company, Brinkley B. Brown, Charles R. McDaniel, and Gilbert Leach, Defendants.

**Civ. A. No. 13032.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 21, 1960.

Allen A. Dobey and John C. Fricano, Attys., Dept. of Justice, Washington, D. C., and William B. Butler, U. S. Atty., and Norman W. Black, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Baker, Botts, Andrews & Shepherd (Denman Moody and C. Brien Dillon), Houston, Tex., and Thorp, Reed & Armstrong (William C. O'Neil), Pittsburgh, Pa., for defendants National Steel Corp., Stran-Steel Corp. and Metallic Building Co.

Fulbright, Crooker, Freeman, Bates & Jaworski (B. J. Bradshaw), Houston, Tex., for defendants Brinkley B. Brown, Charles R. McDaniel and Gilbert Leach.

INGRAHAM, District Judge.

Interrogatories (68 in number) have been filed under Fed.Rule Civ.Proc. 33, 28 U.S.C.A., by plaintiff, and defendants have filed objections thereto.

At the outset of these interrogatories plaintiff requests defendants to:

"State separately with respect to each of the following interrogatories the name, address, and position or title of each person furnishing the answer thereto."

Corporate defendants argue that plaintiff is not entitled to know the persons connected with the preparation of the answers to the interrogatories. Plaintiff attempts to justify the query on these grounds: (1) the request is squarely within these words of Fed.Rule Civ.Proc.

26(b), "including * * * the identity and location of persons having knowledge of relevant facts"; (2) the question will aid plaintiff in determination of accuracy of defendants' answers generally; and (3) identity of informants will lead to further discovery by depositions.

Corporate defendants' objections to this general question should be sustained. The two cases found on the point are to this effect. Hopkinson Theatre v. RKO Radio Pictures, D.C.S.D.N.Y.1956, 18 F.R.D. 379 at page 383, found "no justification for the question". In Maple Drive-In Theatre v. RKO, D.C.S.D.N.Y. 1956, 23 Federal Rules Service 33.321, Case 2, the court denied such a request. It said in 23 Fed.Rules Serv. 33.354, "There is no right in the plaintiff to know the persons connected in any way with the preparation of the answers to the interrogatories." The objections are well taken for another reason. Many of the interrogatories call for a great mass of detail and statistics. Such information must be gotten from innumerable people in various places. Hence, an answer to the question would be extremely burdensome upon corporate defendants.

Defendants object further to Interrogatories Nos. 10, 11, 31, 33 and 63. Nos. 10 and 11 will be considered together, for both deal with net income of defendants; Nos. 31 and 33 will be discussed together, for each deals with relations between defendants National Steel Corporation and Stran-Steel Corporation; and Interrogatory No. 63 will be separately decided. Fed.Rule Civ. Proc. 26(b) says that interrogatories are proper " * * * regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." It is familiar law that this rule must be given a broad, liberal interpretation to effectuate the remedial purposes of the Federal Rules of Civil Procedure. 2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 766 (1950); B. & S. Drilling Co. v. Halli-

burton Oil Well Cementing Co., D.C.S.D. Tex.1959, 24 F.R.D. 1.

A brief recitation of the facts and positions of parties is necessary to appreciate the problems raised by these challenged interrogatories. Defendants are charged with violation of 15 U.S.C.A. § 18 (Section 7 of the Clayton Act). The corporate defendants, whose objections are here in issue, are three in number: National Steel Corporation (hereinafter labelled "National"); Stran-Steel Corporation (hereinafter labelled "Stran-Steel") and Metallic Building Company (hereinafter labelled "Metallic"). Defendant National is a fully integrated steel producer and is a sizeable producer of steel sheets, a principal raw material in prefabricated metal buildings. Stran-Steel, a manufacturer of prefabricated metal buildings, is a wholly-owned subsidiary of Great Lakes Steel Corporation which is in turn a wholly-owned subsidiary of National. Metallic is engaged in the manufacture of prefabricated metal buildings at its plant in Houston, Texas. By an agreement dated December 12, 1958, the individual defendants in this case, Metallic's sole stockholders, agreed to sell to National seventy-five per cent of Metallic's outstanding stock. Metallic is currently operated as a controlled subsidiary of Stran-Steel. This transaction is attacked by the government as violative of 15 U.S.C.A. § 18. Plaintiff alleges that the effect of the aforesaid stock acquisition may be substantially to lessen competition or tend to create a monopoly in the production and sale of prefabricated metal buildings in contravention of Section 7 of the Clayton Act.

■ Corporate defendants object to Interrogatories Nos. 10 and 11 which read as follows:

"10. State the net income, before income taxes, of Metallic for each of the years 1955 through 1959.

"11. State the net income, before income taxes, of Stran-Steel for each of the years 1955 through 1959."

Both Metallic and Stran-Steel state that their net incomes are confidential and business secrets. Both defendants deny the relevancy of these two queries. It is said in a note in 28 Va.L.Rev. 338 (1942), "There can usually be no necessity for inquiring into the * * * net income * * * of a party. Only special circumstances * * * justify such interrogatories." In the opinion of the court, defendants' objections to said interrogatories should be denied. I am of the opinion that the answers called for are relevant to the issues in the case. Before and after acquisition net income or loss record of Metallic and Stran-Steel is pertinent to the question of whether the two companies have been used as "fighting ships" to capture the market through the device of selling at unreasonably low rates.

Defendants' desire to keep confidential these figures is appreciated by the court. Hence, pursuant to the provisions of Fed.Rule Civ.Proc. 30(b), the answers to Interrogatories Nos. 10 and 11 are to be furnished only to plaintiff. The copies filed with the court are to be kept under seal and not made public except upon the order of the court. This protective order should allay the dangers cited in 28 Va.L.Rev. 338 (1942).

■ Corporate defendants next object to Interrogatories Nos. 31 and 33. These read as follows:

"31. State whether National or any of its subsidiaries has ever contributed, loaned, or advanced any money or other assets to Stran-Steel and, if so, state (a) the date, (b) the amount involved, and (c) the purpose of each such contribution, loan or advance."

*    *    *    *    *    *

"33. State the nature, extent, and degree of frequency of all services which National or any of its subsidiaries performs for Stran-Steel but does not perform for pre-

fabricated metal building manufacturers not affiliated with National."

Corporate defendants' objection to these two queries is on the ground of relevancy. Defendants think them irrelevant, for the only issue said to be presented in the case is whether Stran-Steel violated Section 7 of the Clayton Act by acquiring a stock interest in Metallic. Defendants say plaintiff does not challenge the legality of National's ownership of Stran-Steel. Following this reasoning defendants say they will answer only the relevant question of what money or services Stran-Steel furnished Metallic, not what National did for Stran-Steel.

The court is unable to agree with defendants on the relevancy of Interrogatories Nos. 31 and 33. Therefore, defendants' objections to these two interrogatories should be denied. Plaintiff believes two of the competitive advantages which Stran-Steel enjoys over independent manufacturers of prefabricated metal buildings are the availability of financial assistance and useful services from National. A prefabricated metal building manufacturer affiliated with a large integrated steel producer such as National has available financial assistance from the parent which enables it to inaugurate sales, plant improvement, expansion and research programs which the typical independent in the field could not readily match. Any services rendered to Stran-Steel by National but not to Stran-Steel's independent competitors who also buy steel from National represent a competitive advantage for Stran-Steel. These competitive advantages which Stran-Steel has enjoyed will by virtue of the acquisition in issue now also extend to Metallic. Hence, Interrogatories Nos. 31 and 33 are relevant on the question of the extent of the threat to competition resulting from the combination of Stran-Steel and Metallic.

■■ Corporate defendants National and Stran-Steel object to Interrogatory No. 63 which states:

"63. List for each of the years 1956 through 1959 the name and address of each manufacturer of prefabricated metal buildings who was approached by National or Stran-Steel for the purpose of discussing the possible acquisition of stock or assets of such manufacturer."

Defendants argue that the information sought in this question is irrelevant, for they say the only acquisition at issue is that of Metallic by Stran-Steel. Other possible acquisitions, visualized by National or Stran-Steel, are thought not pertinent. Defendants' objection to Interrogatory No. 63 will be denied. It is clearly relevant to the inquiry envisioned by Section 7 of the Clayton Act. Congress was here concerned with nipping monopolistic threats in their infancy. It is said in S.Rep. No. 1775, 81st Cong., 2nd Sess. 4, 5 (1950):

" * * * The intent here, as in other parts of the Clayton Act, is to cope with monopolistic tendencies in their incipiency and well before they have attained such effects as would justify a Sherman Act [15 U.S.C.A. §§ 1–7, 15 note] proceeding * * *

"Under the Sherman Act, an acquisition is unlawful if it creates a monopoly or constitutes an attempt to monopolize. Imminent monopoly may appear when one large concern acquires another, but it is unlikely to be perceived in a small acquisition by a large enterprise. As a large concern grows through a series of such small acquisitions, its accretions of power are individually so minute as to make it difficult to use the Sherman Act test against them * * * "

It should be noted that paragraph 7 of the complaint's prayer for relief asks that National and Stran-Steel be enjoined from acquiring stock or assets in "any other corporation engaged in the manufacture and sale of prefabricated metal buildings." In view of this legis-

lative history demonstrating Congressional concern with the "cumulative effect" of acquisitions, the information here sought is relevant to the issue of whether this acquisition was but an initial step in a "cumulative process" visualized by National. This interrogatory is helpful in answering the question whether this proceeding will serve to arrest at the outset a monopolistic tendency in this industry.

See also 26 F.R.D. 599; 26 F.R.D. 607.

Accordingly, corporate defendants' objections to the general request for identification of those answering these interrogatories will be sustained. Defendants' objections to Interrogatories Nos. 10, 11, 31, 33 and 63 will be denied. The clerk will notify counsel to draft and submit order accordingly.