The **BORDEN COMPANY**, Plaintiff,

v.

William **SYLK** and Harry S. **Sylk**, Defendants and Third-Party Plaintiffs,

v.

**PENROSE INDUSTRIES CORPORATION**, Third-Party Defendant.

**Civ. A. No. 39962.**

United States District Court
E. D. Pennsylvania.

Sept. 24, 1968.

See also D.C., 42 F.R.D. 429.

Israel Packel of Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiff, The Borden Co. and non-party Sylvan Seal Milk Co.

Michael H. Egnal, Philadelphia, Pa., for defendants and third-party plaintiffs.

Joel H. Weinrott, Philadelphia, Pa., for Penrose Industries Corp.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Borden Company ("Borden") sued the Sylks on a series of promissory notes. The defendants joined Penrose Industries Corporation ("Penrose") as third party defendant. Penrose has filed cross-claims against Borden asserting that (1) Borden breached an oral agreement to sell ice cream to Penrose at a price equal to the lowest price charged any retail outlet in the area for like grade and quality; (2) violations of Section 2(a), (d) and (e) of the Clayton Act, as amended by the Robinson-Patman Act (15 U.S.C. § 13).

Counsel for Penrose deposed Leslie Stone, former president of plaintiff, and Robert M. Maloney, president of Sylvan Seal Milk, Inc. ("Sylvan"), a subsidiary of Borden which sells ice cream to Acme Markets. In the course of depositions, counsel sought to inquire into the prices charged and the volume sold to Acme by Sylvan. The objections of counsel for Borden and Sylvan are now before us.

In brief, the objections are: as to Borden, the questions are not relevant, since Sylvan is a separate entity, is not a party, and there is no showing that Borden controlled its price policies; as to Sylvan, it is confidential information and should not be disclosed unless relevant. We think the questions should be answered.

These facts appear from the depositions: The commodity which is delivered to Acme is manufactured and boxed by Borden for use solely and only by Acme and, although Borden makes deliveries to its warehouse in Philadelphia for distribution to retail customers, including Penrose, the completed package for Acme is picked up by Sylvan Seal vehicles and distributed from its separate warehouse in Philadelphia to Acme's warehouse. Of five Sylvan Seal directors, three directly control the operation of the Borden Ice Cream Division. One is a Vice President of Borden; one is a District Officer of Borden's Milk and Ice Cream Division embracing what might be called northeastern United States, and the third is an Executive Vice President of Borden responsible for the Milk and Ice Cream Division. Borden has no Pennsylvania milk facilities and here the milk distribution is by Sylvan Seal. Funds of Sylvan Seal have been, at times, transferred to Borden.

■■■ The cross-claim includes an allegation of violation of the Robinson-Patman Act. The purpose of that Act is "to assure that all sellers, regardless of size, competing directly for the same customers, would receive even-handed treatment from their suppliers." FTC v. Fred Meyer, Inc. et al., 390 U.S. 341, 88 S.Ct. 904, 19 L.Ed.2d 1222, 1232. To that end, Congress acted to " 'prohibit all devices by which large buyers gained discriminatory preferences over smaller ones by virtue of their greater purchasing power'." Ibid. 390 U.S. 349, 88 S.Ct. 908, p. 1228. We do not now hold, of course, that Sylvan is a Borden-created "device" to escape the strictures of the Act. But certainly proof to this effect may sufficiently emerge at the trial to warrant submission of the question to a fact-finder. In this light, the questions would be relevant and there is no need to wait for trial to develop the information.

At his deposition, Mr. Maloney, of Sylvan, expressed his fear of the business consequences if the information sought fell into the hands of Sylvan's competitors. This, we think, is by no means an unreal possibility and Sylvan, which is not a party, should have protection.

Accordingly, we enter the following

## ORDER

And now, to wit, this 24th day of September 1968, it is hereby ordered and decreed:

1. The witness, Leslie Stone, shall answer all questions addressed to him concerning the transactions between plaintiff, Sylvan Seal, and Acme Markets, Inc., involving the manufacture and sale of ice cream designated by the special label "Ideal"; and it is further ordered and decreed:

2. The witness, Robert M. Maloney, shall answer all questions addressed to him concerning the transaction between the plaintiff, Sylvan Seal, and Acme Markets, Inc. involving the manufacture and sale of ice cream designated by the special label "Ideal"; and it is further ordered and decreed:

3. The information revealed as a result of this Order is not to be disclosed to Penrose's personnel except insofar as it may be necessary for consultation with counsel for Penrose in order to prepare for and assist in the prosecution of the cross-claim of Penrose, and any such personnel obtaining access to the informa-

tion for this purpose shall not reveal it or use it for any purpose other than for the preparation for the trial of this action, and no such information shall be disclosed to the public or to any competitor of the plaintiff.

4. Plaintiff's request for counsel fee is denied.