**ESSEX WIRE CORPORATION**

v.

**EASTERN ELECTRIC SALES COMPANY, Inc., et al.**

**Civ. A. No. 68–844.**

United States District Court
E. D. Pennsylvania.

Nov. 14, 1969.

Edward W. Mullinix, Philadelphia, Pa., for plaintiff.

Jacob Trachtman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Presently before this Court for consideration in the above captioned protracted case is a motion by the plaintiff, Essex Wire Corporation, for an order

abrogating presently existing secrecy provisions. These provisions resulted from (1) a court ruling, urged by defendants, made after a side-bar conference during the May 13, 1968 hearing on plaintiff's motion for a preliminary injunction and (2) an arrangement between counsel, made during the deposition of Louis C. Goodfarb, and agreed to by plaintiff's counsel so that the taking of the deposition would not have to be suspended until the Court ruled on the matter in question. The subject matter of the existing secrecy provisions is threefold: (1) the terms of the contract between one of the defendants and their foreign supplier, (2) the name of the manufacturer and the country of origin of the cable in question, and (3) the name and relationship of a company which is affiliated with the defendant companies.

The posture of this motion is somewhat unique and unlike most cases involving Rule 30(b) protective orders. In this case the plaintiff has been given the information in question and now seeks Court permission to make this information public. However, the Court finds the same general principles of law controlling.

■■■ Under the Federal Rules of Civil Procedure, any matter not privileged, which is relevant to the subject matter involved in the pending action, is subject to discovery. Fed.R.Civ.P. 26 (b). However, this broad scope of discovery is expressly made subject to Rule 30(b) which authorizes the Court, where justice so requires and "upon good cause shown", to issue a protective order. The granting of such an order is a matter within the sound discretion of the court. Chemical and Industrial Corp. v. Druffel and Commercial Solvents Corp., 301 F.2d 126 (6th Cir. 1962).

■■■ In the instant case this Court is persuaded that the subject matter of the existing protective arrangement is relevant to the subject matter in the pending suit. Therefore it becomes incumbent upon the defendants to show "good cause" why this information should not be made public. Fed.R.Civ.P. 30(b); see United States v. American Optical Co., 39 F.R.D. 580, 586 (N.D.Cal.1966). Moreover, as a general proposition, trial and pre-trial proceedings of the federal judicial system are ordinarily conducted in public. Fed.R.Civ.P. 43(a); Olympic Refining Co. v. Carter, 332 F.2d 260 (9th Cir. 1964).

One means of showing "good cause", and therefore a frequent subject of a Court directed protective order is the so-called trade secret or secret process. While Courts have generally allowed this information to be discovered, they have limited this right by issuing a protective order which prohibits the disclosure of this information to anyone not directly connected with the preparation of the case. Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir. 1965); United States v. Lever Bros. Co., 193 F.Supp. 254 (S.D.N.Y.1961). The rationale applied by the Courts in granting this type of protective order is that if this information were disclosed, the moving party would suffer great competitive disadvantage and irreparable harm. Defendants make such a claim in the instant case.

■■■ With respect to the first item sought to be made public, the terms of the contract between one of the defendants and its foreign supplier, we find that defendants have adequately demonstrated that great competitive disadvantage would result from the divulgence of this information to the general public. Moreover, this conclusion finds support in case law. The terms of an agreement or a contract have often been the subject matter of a protective order designed to ensure that this type of confidential business information is not revealed to the public. Schwartz v. Broadcast Music Inc., 130 F.Supp. 956 (S.D. N.Y.1955); Lawlor v. National Screen Service Corp., 24 Fed.Rules Serv. 33.335, Case 1 (E.D.Pa.1957). Accordingly, the

Court holds that the terms of the contract may not be made public and should be revealed only where necessary to aid in the preparation of this case.

There remains then a decision by this Court as to disclosure of the other two items sought to be made public by the plaintiff viz: (1) the name of the manufacturer and the country of origin of the cable, and (2) the name and relationship of a company which is affiliated with the defendants. These items do not contain any secret process, formula, or customer lists, which it is generally agreed should, in accordance with the above discussed rationale, be afforded great protection. United States v. Continental Can Co., 24 Fed.Rules Serv. 33.321, Case 5 (S.D.N.Y.1957). This is particularly true where, as here, the opposing parties are competitors. Nor does the subject matter fall into such other traditional areas where orders have been granted as gross sales, Royal Crown Cola Co. v. Coca-Cola Co., 11 Fed. Rules Serv.2d, 33.321, Case 3 (N.D.Ga. 1967); or net income, United States v. National Steel Corp., 26 F.R.D. 599 (S.D. Tex.1960). At best, the name and country of origin of the foreign cable as well as the name and relationship of the company affiliated with the defendants can be considered confidential business information which the defendants would want to keep to themselves. However, the defendants have not shown that divulgence of this information to the public would result in a clearly defined injury to the defendants.

██ More particularly, with respect to the country of origin of the foreign cable, no cases were submitted to the Court, nor were any found on independent research, which suggest that the country of origin is that type of confidential business information which should be guarded by a Rule 30(b) protective order. Furthermore, since the Tariff Act of 1930 (19 U.S.C.A. § 1304) requires that articles of foreign origin be conspicuously marked so that the ultimate consumer will know the country of origin, any interested party could independently discover the foreign origin by merely purchasing some cable from the defendants. Moreover, since the terms of the contract remain subject to the existing protective arrangement (see supra), the Court can see no substantial competitive harm flowing from the fact that the name of the manufacturer is revealed. For the above reasons, the Court concludes that the country of origin and the name of the manufacturer of the foreign cable is no longer subject to the secrecy ruling made by this Court after the side–bar conference on May 13, 1968.

██ The information sought to be revealed with respect to the name and relationship of the company affiliated with the defendants stands in a similar position. Plaintiff, alleging that this company sold wire to customers bearing plaintiff's Bureau of Mines number, now seeks to add this company as a party defendant. The Court finds this fact to be extremely relevant to the pending action. See Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R.1966); Cohen v. Proctor and Gamble Distributing Co., 20 F.R.D. 596 (D.Del.1957). Moreover, the Court cannot see, nor have the defendants been able to show how they will be placed at a competitive disadvantage by the disclosure of this information.[1] Therefore the Court also finds that this affiliated company may be openly added as a defendant.

Defendants have cited several cases to this Court in support of their position that the existing secrecy arrangements should not be abrogated. Except for the

---

1. See United States v. United Fruit Co., 410 F.2d 553 (5th Cir. 1969) at fn. 11 where the party seeking the protective order, by affidavit, presented numerous specific examples of harm which would result if the information sought was disclosed.

*Schwartz* case, which has already been discussed, the Court does not find these cases persuasive in favor of the defendants' position. In Borden Co. v. Sylk v. Penrose Industries Corp., 289 F.Supp. 847 (E.D.Pa.1968) and Julius M. Ames Co. v. Bostitch, Inc., 235 F.Supp. 856 (S.D.N.Y.1964) the respective courts made an express finding that the information sought by the discovery may well have damaging business consequences if it got into the hands of the moving parties' competitors. In the *Borden* case the third party defendant sought the price and volume of goods which the plaintiff sold to Acme Markets through Sylvan Seal. Since the third party defendant, Penrose, was a buyer from the plaintiff, as was Acme, this information, if generally revealed to Penrose, would clearly have had an adverse competitive impact on Borden. In United States v. Lever Bros. Co., 193 F.Supp. 254 (S.D. N.Y.1961), also cited by the defendants, the defendant sought the net worth of various competitors who had previously turned this information over to the Government. Again the Court found that disclosure of this information would result in a competitive disadvantage and therefore ordered that while the defendant could have the information it could not disclose it to anyone not directly concerned with the preparation of the case. In all of these cases cited to the Court by the defendants the respective Courts found the desired information would result in great harm to the competitive position of the party revealing this information. Since this Court finds that no such showing has been made by the defendants in the instant case with respect to the name and country of origin of the foreign cable and the name and relationship of the affiliate of the defendants we find these cases inapposite.

Finally, at the hearing on this motion on October 13, 1969 counsel for plaintiff stated that if the existing secrecy arrangements were abrogated he expected to reveal this information to interested Government agencies. Defendants have submitted cases to the Court which stand for the proposition that discovery proceedings may not be had *solely* for the purpose of obtaining information for use in another proceeding. While the Court agrees with this proposition, the Court does not find it helpful to the defendants in the instant case. Since the Court finds this matter relevant and does not have any reason to doubt the good faith of the plaintiff, the Court holds that the plaintiff may make any lawful use of the information which comes to light during this proceeding. See Leonia Amusement Corp. v. Loew's Inc., 18 F.R.D. 503 (S.D.N.Y.1955).

### ORDER

And now, to wit, this 14th day of November, A.D. 1969, it is ordered that plaintiff's motion to abrogate the existing secrecy arrangement with respect to (1) the name and country of origin of the foreign cable and (2) the name and relationship of the company affiliated with the defendants be and the same is hereby granted. It is further ordered that the terms of the contract between one of the defendants and the foreign supplier remain subject to the existing protective order.

And it is so ordered.