Hyman **TEPLITZKY** and Esther **Teplitzky** t/a **H. & E. T. Company** and/or **H. J. & F. Co., Inc.**

v.

**BOSTON INSURANCE COMPANY**

v.

Frederic **TEPLITZKY** and **Michael Pavlick.**

**Civ. A. No. 41387.**

United States District Court, E. D. Pennsylvania.

March 26, 1971.

David Malis, Robert Malis, Philadelphia, Pa., for plaintiffs.

Stephen A. Cozen, Philadelphia, Pa., for Boston Ins. Co.

Leonard Sarner, Philadelphia, Pa., for Frederic Teplitzky.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Third-party defendant, Frederic Teplitzky, has moved for a Protective Order restraining and preventing plaintiffs and defendants from deposing Josephine Teplitzky, wife of Frederic Teplitzky. The motion is denied.

Plaintiffs, Hyman and Esther Teplitzky, operated a hotel and kosher dining room in Atlantic City, New Jersey. On February 2, 1966 a fire destroyed a portion of the building complex owned by plaintiffs. A dispute concerning the extent of insurance coverage arose between plaintiffs and defendant, Boston Insurance Company, who had issued an insurance policy covering the premises of plaintiffs. Defendant tendered payment in excess of $600,000 as proceeds under the insurance policy. Plaintiffs, however, averring that losses due to the fire in excess of $1,000,000 were covered under the insurance policy, filed a complaint on October 21, 1966 seeking a determination that they are entitled to compensation in excess of $1,000,000. Discovery was then completed and preparations for trial were begun.[1]

On April 24, 1970, however, defendant filed a motion to amend its answer, to file a counterclaim, to file a third-party action and to reopen discovery. By Order dated May 22, 1970, Judge Higginbotham granted the motion of defendant. This motion was prompted by information received by defendant's counsel on April 2, 1970 that an eyewitness to the origin of the fire was available. Defendant avers in its motion "that the fire in question was intentionally and deliberately set by Frederic Teplitzky, an officer of one of the insured corporations, at the request of, for the benefit

---

1. In December, 1969, Judge Weiner denied the motion for ·summary judgment of defendant and the cross-motion for summary judgment of plaintiffs. By April, 1970, plaintiffs had filed a pretrial memorandum and requests for Charge.

of, and/or with the knowledge and consent of the other named insureds, acting in concert with one Michael Pavlick". Both Frederic Teplitzky and Michael Pavlick have been joined as third-party defendants.

 The alleged eyewitness to the fire of February 2, 1966 is Josephine Teplitzky, estranged wife of Frederic Teplitzky. Frederic Teplitzky, one of the third-party defendants, now has moved for a protective order to prevent the deposing of his estranged wife. Teplitzky avers that his wife is incompetent to testify against him at the trial of this civil action.

Rule 26(b) (1) of the Fed.R.Civ.P. provides:

> "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. * * * It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

It is clear from the language of Rule 26 that inadmissibility at trial is not a ground for objection and, therefore, is immaterial. "If incompetent matter, but not privileged, be adduced, objection thereto may be made at trial if the deposition be offered". Heiner v. North American Coal Corporation, 3 F.R.D. 63 (Case 2), 64 (W.D.Pa.1942); Essex Wire Corporation v. Eastern Electric Sales Company, 48 F.R.D. 308 (E.D.Pa. 1969); *see also* United States v. Andreadis, 234 F.Supp. 341 (E.D.N.Y. 1964).

Although third-party defendant avers that Josephine Teplitzky is incompetent to testify he does not and cannot aver that testimony about alleged observations at the time of the fire constitutes privileged communications. It appears that the information sought by deposing Josephine Teplitzky is reasonably calculated to lead to evidence pertaining to the origin of the fire which is admissible at trial. Moreover, it appears likely that the deposition will yield information concerning the alleged conduct of Michael Pavlick, the other third-party defendant accused of setting the blaze. Consequently, a protective order is inappropriate at this time as Rule 26 permits discovery of any relevant matter not privileged.

Counsel for plaintiffs and counsel for third-party defendant urge that any deposition of Josephine Teplitzky taken with regard to this matter be sealed and retained by the Court until the matter of her competency is resolved. Orders that a deposition be sealed are often for the purpose of preventing a deposition from being used for publicity purposes. *See generally* 4 Moore's Federal Practice, ¶ 26.74 (2d ed. 1970). As the fire occurred in 1966 and has received little or no publicity in recent years, sealing of the deposition is unnecessary and serves no valid purpose.