Sharon Raye PARSONS, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. C79–1636A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 13, 1980.

William W. Waite, Foy R. Devine, Atlanta, Ga., for plaintiff.

Lanny B. Bridgers, King & Spalding, Atlanta, Ga., Otis M. Smith, Detroit, Mich., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Sharon Parsons is a Tennessee resident who was badly burned in an automobile accident on June 8, 1978, after her 1976 Oldsmobile Cutlass was struck from behind. She has sued to impose liability on General Motors Corporation (GM) for alleged defects in the design and placement of the automobile fuel tank. Jurisdiction of this court is based on 28 U.S.C. § 1332(a)(1).

Defendant's motion for protective order and the plaintiff's motion to amend her complaint are now pending before the court.

### MOTION FOR PROTECTIVE ORDER

Plaintiff has sought through discovery rear-end impact crash tests performed upon Cutlass automobiles and other information relating to the design and manufacture of automobile fuel systems. GM admits that this material is not a "trade secret" but argues that it constitutes "confidential research, development, or commercial information" within the meaning of Rule 26(c)(7). Fed.R.Civ.P. 26(c)(7). GM has asked the court to enter a protective order which would prohibit plaintiff and her attorneys from reproducing the crash test results or fuel system design information and from disclosing the material to any third party without the court's permission. The order that GM contemplates would also require plaintiff and her attorneys to return all the information to GM at the conclusion of the lawsuit. GM also moves the court to require the parties to file under seal all pleadings, motions and discovery material which refer to the crash test results or design information.

In support of its motion, GM has filed affidavits from two company employees which state that GM does not voluntarily disclose to the public the results of the crash tests. Disclosure within GM is limited to the technical and engineering staffs and to others within the corporation only when necessary for the conduct of their work. The employees also state that the

design information and crash test results would be valuable to GM's competitors and that the information sought by the plaintiff is not reported in its totality to the government.

The plaintiff has strenuously opposed defendant's motion for a protective order and has filed the affidavit of an independent expert which states that the information requested by plaintiff does not involve confidential research or development information of any *present value*, that there is nothing unique about GM's testing methods and that the information requested cannot injure the competitive position of GM.

■ The general rule is that discovery and trial in the federal court are on open records available to the public but that the court has broad discretion to control the scope of discovery. This court may impose conditions on the release of information to protect a person or party from any harmful side effects of disclosure. 4 Moore's Federal Practice ¶ 26.67, at 26–487. Restrictions on discovery are allowed for "good cause" when disclosure of "a trade secret or other confidential research, development or commercial information" is involved. Fed.R. Civ.P. 26(c)(7). The court interprets "good cause" in the context of Rule 26(c)(7) to mean that the party seeking the protective order must demonstrate that the material sought to be protected is confidential and that disclosure will create a competitive disadvantage for the party.[1] Wright & Miller, Federal Practice and Procedure: Civil § 2043 (1970).

■ The court finds that the two affidavits filed by GM do not establish that the

1. In its motion for a protective order GM has stated that the plaintiff plans to disclose the material and information to other attorneys in pending or planned lawsuits against General Motors. GM attacks this disclosure as an "abuse of discovery." The court finds that Rule 26(c)(7) protects confidential information which, if disclosed, would create a competitive disadvantage for GM in the trade of automobile manufacturing. The federal rules do not foreclose collaboration among litigants, and the court does not consider the possibility that plaintiff will share the results of discovery with any other litigant any part of defendant's showing of good cause to justify a protective order.

information in question is confidential. One affidavit states that disclosure of crash test results and design information within GM is limited to the technical and engineering staffs of respective divisions. The affidavit does not reveal how many persons work on these staffs, or how the secrecy of the reports is maintained. The second affidavit states that "initial distribution" of reports of crash tests is limited to "only a few employees." Circulation to others is permitted although reproduction of the reports of crash tests is controlled. The second affidavit mentions no specific controls on fuel system design information. Some of the information plaintiff seeks is ten years old; GM does not show that the information is still confidential after ten years. Moreover, GM admits that some of the information which plaintiff seeks must be disclosed to the government. GM has not attempted to show what specific information is already part of the public record and what information remains confidentially held at General Motors. General Motors has not made a particularized showing that the information sought is confidential as required by Fed.R.Civ.P. 26(c)(7) for entry of a protective order. Moreover, GM's allegations of competitive harm are vague and conclusory when specific examples are necessary. *E. g., United States v. United Fruit Co.*, 410 F.2d 553 (5th Cir. 1969). Defendant's motion for a protective order is DENIED.

*MOTION TO AMEND COMPLAINT*

■ Plaintiff seeks to amend her complaint to allege with more particularity the

*American Telephone and Telegraph Co. v. Grady*, 594 F.2d 594 (7th Cir. 1979); *Olympic Refining Co. v. Carter*, 332 F.2d 260 (9th Cir. 1964); *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405 (N.D.N.Y.1973); *Williams v. Johnson and Johnson*, 50 F.R.D. 31 (S.D.N.Y.1970). The court notes that General Motors does not allege and nothing in the record indicates that the plaintiff is seeking discovery solely to assist in the litigation of another case. Under those circumstances, a party could demonstrate that the discovery constituted "oppression" or was an "undue burden," and a protective order would be justified. *See, Johnson Foils, Inc. v. Huyck Corp., supra.*

negligence of which she thinks General Motors was guilty in designing the Cutlass automobile. GM opposes the amendment on the ground that it is done solely to increase the scope of permissible discovery. The court cannot see that discovery is altered in any way by permitting the amendment, and the amendment serves the salutary function of making the plaintiff's theory of recovery more specific. The court therefore finds that it is in the interest of justice to permit the amendment. Fed.R. Civ.P. 15(a). Plaintiff's motion to amend her complaint is GRANTED.

In summary, the court DENIES defendant's motion for a protective order and GRANTS plaintiff's motion to amend her complaint.

So ORDERED this 13 day of March, 1980.