**WALL INDUSTRIES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 448–82T.

United States Claims Court.

March 16, 1984.

---

John S. Nolan, Washington, D.C., for plaintiff. F. Brook Voght, Washington, D.C., of counsel.

Allan C. Lewis, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## MEMORANDUM ORDER

REGINALD W. GIBSON, Judge:

This order addresses defendant's "Motion for Order Compelling Discovery" filed on February 16, 1984; "Motion for Enlargement of Time" (in which to file its opposition to plaintiff's motion for summary judgment) filed on February 17, 1984; and "Motion to Extend Discovery Period" (to facilitate the service of a subpoena duces tecum) filed on February 21, 1984.[1]

The petition in this action was filed by plaintiff on September 8, 1982, to recover $339,723 in alleged overpaid corporate income taxes, including interest. Said overpayment allegedly emanates from a net operating loss incurred by plaintiff for its calendar year ending December 31, 1977, which must be carried back to its 1974 taxable year as a net operating loss deduction in the amount of $701,694.

On April 5, 1983, this court issued its standard pretrial order which was subsequently modified by appropriate motions on four separate occasions, the last of which occurred on November 10, 1983. Defendant's discovery period was extended through January 6, 1984.

On January 6, 1984, defendant served on plaintiff "Interrogatories—Set I" and "Request for Production of Documents." Thereafter, on January 10, 1984, defendant served a related informal letter request for discovery of essentially the same information from plaintiff's independent accountant, Arthur Young & Company.

---

1. Oral argument was heard on March 14, 1984.

It was not until February 8, 1984, that plaintiff filed separate memoranda objecting to defendant's interrogatories and request for production of documents. On the same date plaintiff also forwarded a letter to defendant, in response to the latter's letter of January 10, 1984, *supra,* in which it stated, *inter alia,* that "defendant's request for production of documents by Arthur Young & Company should be presented directly to Arthur Young & Company."

In the interim, *i.e.,* between January 6, 1984, and February 8, 1984, plaintiff filed its motion for summary judgment on January 23, 1984. The ultimate conclusion of law framed by said summary judgment motion was that "Wall timely made a valid claim for refund with respect to overpaid income taxes for 1974, resulting from [its] 1977 NOL," by:

  (i) filing a timely and valid *formal* claim for refund on June 10, 1981, within the two-year rule entitling it to recover the entire amount of its overpayment [§§ 6511(a) and 6511(d)(2)(A) and Rev.Rul. 65–281, 1965–2, C.B. 444]; and

  (ii) filing a timely and valid *informal* claim for refund for 1974 within the original three-year period provided in § 6511(d)(2)(A).

Defendant's Rule 37(a) motion seeks, in view of plaintiff's opposition, *supra,* an appropriate order of this court to compel discovery as follows:

  A. *Re Interrogatories—Set I:* That plaintiff provide responsive answers to each of the twelve (12) questions set forth therein (Rule 33); and

  B. *Re Request for Production of Documents:* That plaintiff also produce for inspection and copying the six (6) categories of documents described therein (Rule 34).

As grounds for subject motion to compel, defendant averred in its pleadings and during oral argument that in view of the contentions in plaintiff's motion for summary judgment, the primary purpose of pursuing the subject discovery is "to support our position that material fact issues prevent the allowance of plaintiff's motion for summary judgment." In short, defendant simply seeks an opportunity to unearth and marshal any and all operative facts which may form the basis for its contention that genuine issues of material fact obtain with respect to the definitive issue(s) raised by plaintiff's motion for summary judgment.[2]

Adversatively, plaintiff strenuously resists defendant's motion to compel in its opposition memorandum (February 24, 1984), and during oral argument, on the singular and blanket premise that the evidence sought is "irrelevant to the substantive issue[s] before this court; namely, whether plaintiff is entitled to a refund of overpaid taxes." Plaintiff at no time alleged that it would be substantially or improperly prejudiced by such discovery; that such grant would unnecessarily exacerbate litigation costs; or that it would otherwise constitute an abuse of discretion if this court were to grant defendant's motion to compel. Moreover, plaintiff has interposed no sustainable privilege.

Against the foregoing background, the threshold issue raised by defendant's Motion for Order Compelling Discovery is . . . whether such an order should issue where plaintiff has subsequently filed a motion for summary judgment, in which it avers that "there is no genuine issue as to *any* material fact," and defendant's prime purpose is to marshal operative facts in aid of establishing genuine issues of material fact to be postured in its opposition to plaintiff's motion.[3]

---

**2.** The court observes that the interrogatories and request for production of documents served on plaintiff on January 6, 1984, were within the scheduled discovery period delineated by this court's pretrial order, and substantially *prior* to the filing of plaintiff's summary judgment motion.

**3.** Defendant further avers that since it must file its cross-motion for summary judgment simultaneously with the filing of its opposition to plaintiff's motion for summary judgment, the contemplated discovery is also in furtherance of a cross-motion, if appropriate.

## DISCUSSION

The court's initial observation is that the evidence sought by defendant's motion to compel does *not* relate to any substantive issues in this case. Such evidence focuses only on procedural issues, more particularly the jurisdiction of the Claims Court to decide this case.[4] Curiously, plaintiff's sole objection in its written opposition to the evidence sought by defendant was, nevertheless, that it is "irrelevant to the substantive issue before this court." And when this court made the foregoing observation to counsel for plaintiff, during oral argument, no creditable argument was proffered by plaintiff to convince the court that the scope of defendant's discovery is in any way irrelevant to its claimed defense, or is not reasonably calculated to lead to the discovery of admissible evidence.

Decisional law construing Rule 37(a)(2), 28 U.S.C. (which is mirrored in Rule 37(a)(2), United States Claims Court) underscores the notion that in a motion to compel discovery thereunder, which is committed to the sound discretion of the trial court,[5] the courts are obliged to pay particular attention to the mandate of Rule 1 of the Federal Rules of Civil Procedure "to secure the *just,* speedy, and inexpensive determination of every action."[6] (Emphasis added.) In interpreting Rule 1 in connection with discovery motions, the United States Supreme Court stated in *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979), that:

> ... the discovery provisions, like all of the Federal Rules of Civil Procedure, are

subject to the injunction of Rule 1 that they be construed to secure the *just ...* determination of every action .... With this authority at hand, judges should not hesitate to exercise *appropriate* control over the discovery process. (Emphasis added.)

This court has thoroughly reviewed the pleadings in this case and notes that the interrogatories served on plaintiff (12 in number) are framed in concise simple sentences. Also, the documents requested relate to the subject matter and the thrust of the interrogatories, and clearly seek, individually and collectively, to obtain evidence or leads to evidence that will directly and/or by implication rebut and counter the factual contentions of plaintiff, *i.e.,* that a timely and valid informal claim for refund was filed and that there is no genuine issue of material fact with respect thereto. Defendant's showing, by memorandum and during oral argument, makes it clear beyond cavil, therefore, that this is a classic case in which the motion to compel should be granted. In fact, it is evident that under all of the extant facts and circumstances, this court would abuse its discretion if it failed to "exercise appropriate control" and grant defendant's motion. To rule otherwise would trend towards an unjust determination of this action[7] if evidence exists that shows whether or not plaintiff or its representative filed a timely claim for refund.

## CONCLUSION

Inasmuch as defendant seeks the foregoing discovery (which notices were served on

---

4. Section 7422, Title 26 U.S.C., provides, *inter alia,* that "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax allegedly to have been erroneously ... collected ... *until a claim for refund or credit has been duly filed with the Secretary."* (Emphasis added.)

5. *Zerilli v. Smith,* 656 F.2d 705, 710 (D.C.Cir. 1981); *Hastings v. North East Ind. School District,* 615 F.2d 628, 631 (5th Cir.1980).

6. Identical language is found in RUSCC 1.

7. Historically, the Notes of Advisory Committee on Rules have provided that the purpose of discovery is to allow a broad search for facts

which may aid a party in the preparation or presentation of its case at *all* stages. Admissibility at trial should not be the test as to whether the information sought is within the scope of proper discovery, so long as it has a bearing on the issues and could lead to admissible evidence. Rule 26 also contemplates the broad discovery of information which may be useful in preparation for trial. A 1983 Amendment to Rule 26(b) admonishes that "the court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."

plaintiff *prior* to filing its motion for summary judgment) primarily to prepare and develop its opposition to plaintiff's motion for summary judgment (*i.e.,* to postulate genuine issues of material fact), sound discretion requires this court to give defendant a fair opportunity to develop and prepare its case. [*The Summit Nursing Home, Inc. v. United States,* Ct.Cl. No. 89–74 (Order of April 15, 1975), is distinguishable from the case at bar in that there *all* material facts pertinent to the summary judgment motion were admitted, whereas in the case at bar defendant forcefully contends to the contrary and seeks by its motion to marshal such conflicting operative facts.]

IT IS THEREFORE ORDERED that defendant's Motion For Order Compelling Discovery is granted in its entirety, and plaintiff shall comply therewith in full on or before April 20, 1984.

Consistent with the above and concomitant therewith, IT IS FURTHER ORDERED that defendant's Motion For Enlargement of Time, filed on February 17, 1984, is granted to the extent that it shall have 28 days to file its opposition to plaintiff's motion for summary judgment, which time shall commence to run from the date of *full* compliance with the foregoing discovery order.

Finally, IT IS FURTHER ORDERED that defendant's Motion to Extend Discovery Period, filed on February 21, 1984, in order to serve a subpoena duces tecum on Arthur Young & Company, for the reasons delineated therein, is also granted. Said period is hereby extended to April 20, 1984.