**WALL INDUSTRIES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 448–82T.**

United States Claims Court.

July 10, 1984.

stands on its own and should need no further iteration by the court in individual cases.

John S. Nolan, Washington, D.C., counsel for plaintiff. F. Brook Voght, Washington, D.C., of counsel.

Allan C. Lewis, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## MEMORANDUM ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

REGINALD W. GIBSON, Judge.

This order addresses Plaintiff's Motion for Protective Order, initially filed without citation of statute or court rule. Additionally, said motion stems from the following activity:

(i) On February 16, 1984, defendant filed a Motion For Order Compelling Discovery (*i.e.*, requiring plaintiff to answer interrogatories and produce documents which were sought on January 6, 1984);

(ii) On March 16, 1984, 4 Cl.Ct. 659, this court entered an order granting defendant's motion, *supra;*

(iii) On March 26, 1984, Plaintiff's Petition for Rehearing Or In The Alternative For Clarification of the court's March 16, 1984 order was filed;

(iv) On April 12, 1984, this court entered an order granting plaintiff's March 26, 1984 motion for reconsideration, after which its order of Màrch 16, 1984, was affirmed; and

(v) On April 27, 1984, the subject Motion for Protective Order was filed.

In said motion for a protective order, plaintiff seeks to effect the nondisclosure to the public of certain documents and answers to related interrogatories, delivered to the defendant by plaintiff pursuant to this court's order of March 16, 1984, and affirmed on April 12, 1984. Specifically, plaintiff seeks a protective-nondisclosure order respecting certain corporate minutes and an advisor/agreement between plaintiff and its accountants.

In its moving papers, plaintiff avers as grounds for said motion that:

... the specific details of the information and documents concerning the plaintiff's relationships with both its independent accountant and legal counsel are, even if not privileged, entitled to be held in strict confidence and shielded from unnecessary public disclosure. This was the intent of the plaintiff and its professional advisers, as expressly provided in the written agreement ....

In amplification of its position, plaintiff underscores the fact that it in no way seeks "to limit the arguments which the defendant may include in its papers filed with this Court." But rather, its objective is merely "to protect from public disclosure certain confidential information relating to the plaintiff's private arrangements with its attorneys and accountants, and its internal operations [*i.e.*, minutes of its Board of Directors]."

Plaintiff suggests that the most appropriate procedure for the implementation of the requested order would be by simply "placing the indicated documents and parts of the parties' filings quoting such documents under protective seal." It is further urged by plaintiff that this solution will neither impede, burden, nor injure either party, including this court, and, simultaneously, will protect plaintiff's vital interests. Moreover, plaintiff argues that since the corporate minutes[1] are internal confi-

---

**1.** In its May 14, 1984 initial response in opposition, defendant states that while it "does not propose to disclose this information to the general public," it asserts the right to include same

in any documents filed with the court appropriate and helpful in its opposition to plaintiff's motion for summary judgment, or in its prospective cross-motion for summary judgment.

dential information and the advisor/agreement relates to logistics and procedures for litigating its entitlement to a tax refund they "should not be freely or unnecessarily [involuntarily publicized absent] a compelling reason." *Tavoulareas v. Washington Post Co.*, 724 F.2d 1010 (D.C.Cir.1984) is proffered in support of plaintiff's contention that it is the defendant's burden to show a "compelling interest to justify its intrusion into the plaintiff's private affairs." *Id.* at 1023.

Following defendant's opposition response to subject motion, *infra*, plaintiff's reply tacitly admits that the requested documents are relevant to the "proceedings" in this case but strongly urge that this court should, as requested, protect the confidentiality of the documents pursuant to RUSCC 26(c) and *Tavoulareas v. Washington Post Co.*, *supra*.

Defendant counters, on June 18, 1984, in opposition to plaintiff's motion for a protective order with the contention that subject motion must be denied because there is a "presumption that all court proceedings must be open to the public unless [and until] 'good cause' has been shown to close the proceedings and plaintiff has not shown the requisite good cause."[2] This "good cause" showing has its genesis in Rule 26(c), RUSCC.

Rule 26(c)(7),[3] is specifically apposite to the issues raised by plaintiff's motion for a protective order. There, in pertinent parts, it provides that upon:

> ... motion by a *party* or by the person from whom discovery is sought, *and for good cause shown*, the court *may* make *any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following ... (7) that ... other confidential ... or commercial information not be disclosed or be disclosed only in a designated way.... [Emphasis added.]

 This court observes, as a threshold analysis of Rule 26(c), that at the very minimum the *moving* party is entitled to relief only upon and "for good cause *shown*." [Emphasis added.] The obligation to *show* "good cause" simply means that the heavy burden of establishing entitlement hereunder, based on any of the indicated grounds, *i.e.*, to protect "confidential ... or commercial information," is on the movant, and must be premised on "factual data, not the unsupported contentions and conclusions of counsel." *Monaco v. Miracle Adhesive Corp.*, 27 F.R.Serv.2d 1401 (E.D.Pa.1979); *Reliance Insurance Co. v. Barrons*, 428 F.Supp. 200, 202 (S.D. N.Y.1977); *Davis v. Romney*, 55 F.R.D. 337, 340 (E.D.Pa.1972). In fact, this court reads and interprets the word "may," *supra*, to mean that even if the movant establishes "good cause," this court, under the rule, is nevertheless empowered to decline to issue an order thereunder where justice does not so require. Thus, it is imperative that the movant not only makes a *particularized* showing that the information sought to be protected is confidential commercial information, and concomitantly proffers specific examples of substantial resulting harm or injury to the party movant, it must also persuasively establish that the interest of justice compels that its request is granted.

 In short, it is axiomatic that nebulous and conclusory allegations of confidentiality and business harm are insufficient to carry the movant's burden. *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir.1973); *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D.Ga.1980); *Essex Wire Corp. v. East-*

---

However, in response to plaintiff's memorandum dated June 6, 1984, defendant represented (on June 18, 1984) that "[it] has no intention of disclosing these minutes in any part of this proceeding"; thus, that specific issue would not be addressed. The court, therefore, deems the issue with regard to the disclosure of plaintiff's minutes to be moot.

**2.** See Department of Justice Regulations on Judicial Administration, 28 C.F.R., Sec. 50.9.

**3.** This rule, in all relevant parts, tracks its counterpart, Fed.R.Civ.P. 26(c)(7), *in haec verba*.

*ern Electric Sales Co.,* 48 F.R.D. 308, 312 (E.D.Pa.1969); 8 Wright & Miller, Federal Practice and Procedure § 2035 at 265; *Monaco v. Miracle Adhesives Corp., supra.* In *United States v. IBM,* 67 F.R.D. 40, 46 (S.D.N.Y.1975), it was stated that:

> Good cause is shown *when the party seeking protection demonstrates* that disclosure of the documentary evidence at issue will result in a *clearly defined, serious injury* to *the* person or *corporation ... involved.* [Emphasis added.]

Against the foregoing background, the initial inquiry here, therefore, is whether plaintiff has specifically "demonstrate[d]" the requisite "good cause" for nondisclosure by establishing that a "clearly defined and serious injury" will befall *the plaintiff* if this court refuses to grant its motion for the requested protective order. A thorough review of plaintiff's moving papers, its memorandum of law, and reply memorandum discloses that its averments totally miss the mark in that they consist of nothing more than broad, vague and conclusory generalizations. For example, plaintiff has neither demonstrated nor alleged how disclosure will result in a "clearly defined serious injury [*to itself*]." All that is averred by plaintiff is that the ventilation of the answers to the interrogatories and the agreement with its accountants will unnecessarily disclose data which contain "sensitive, proprietary information"; and, "even if not privileged, [they are] entitled to be held in strict confidence and shielded from unnecessary public disclosure."

This court thoroughly agrees with defendant's position that plaintiff has failed to carry its burden for a protective order under Rule 26(c). Whereas plaintiff relies heavily on *Tavoulareas v. Washington Post Co., supra,* we also agree with defendant that said case is distinguishable from the case at bar. In *Tavoulareas,* the movant for a protective order submitted an affidavit particularizing the likely harm and injury that would be visited on it if the protective order was not granted, and such motion *followed the trial* and related to deposition testimony *not used at the trial.*

Here, the movant's affidavit makes no showing whatsoever of potential injury or harm *to it* if its motion is denied. Additionally, defendant in the case at bar avers that it intends to introduce the agreement "at trial" on the merits and/or in connection with its cross-motion for summary judgment. Finally, the court in *Tavoulareas* observed that "[t]he proponent of confidentiality must show ... that disclosure of [confidential] information will harm the proponent's competitive position." *Id.* at 1024. Here the movant has also failed to so show.

## CONCLUSION

Unless compelling reasons obtain sufficient to withhold public access, it is clear beyond cavil that pre-trial discovery proceedings should be conducted in public. *American Telephone & Telegraph Co. v. Grady,* 594 F.2d 594, 596 (7th Cir.1979); *Parsons v. General Motors Corp.,* 85 F.R.D. 724, 726 (N.D.Ga.1980); *Essex Wire Corp. v. Eastern Electric Sales Co.,* 48 F.R.D. 308, 310 (E.D.Pa.1969). The burden to show such compelling reasons is on the movant, and having failed to establish entitlement to Rule 26(c) relief, plaintiff's motion for a protective order is, therefore, denied.

IT IS SO ORDERED.