**INTERNATIONAL GRAPHICS, DIVISION OF MOORE BUSINESS FORMS, INC., Plaintiff,**

**and**

**Jeffries Banknote Company, Intervenor,**

**v.**

**The UNITED STATES, Defendant.**

**No. 586–83C.**

United States Claims Court.

Nov. 10, 1983.

Robert D. Wallick, Washington, D.C., for plaintiff; Steptoe & Johnson, Washington, D.C., of counsel.

William Dickey, Washington, D.C., for intervenor.

Stephen Bergenholtz, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

REGINALD W. GIBSON, Judge:

On October 20, last, this court issued an order denying plaintiff's RUSCC 34(b) motion for leave to obtain expedited discovery. Five days thereafter, plaintiff filed a motion, pursuant to RUSCC 37(a),[1] for an order compelling discovery, in view of defendant's filed objections (October 14, 1983) to said Rule 34(b) motion.

Plaintiff's Rule 37(a) motion seeks an order of this court to compel discovery as follows:

A. *Prior to Thursday, November 3, 1983:*

Production of the Technical Proposal of Jeffries Banknote Company and related documents[; and]

B. *During the Calendar Week of November 21, 1983:*

(i) Inspection of defendant's Chicago and Washington, D.C. facilities [and]

(ii) Production of defendant's estimates and cost and production records.

In its pleading, plaintiff amplifies the phrase in paragraph A, "and related documents," to embrace:

... all communications or other documents concerning or mentioning the possibility of Jeffries subcontracting, joint venturing and/or considering use of the facilities, experience or personnel of others, in connection with Program 114–S.

Also, with respect to the scope of its paragraph B request, *supra,* plaintiff demands the same for the two-year period beginning October 1, 1981, as follows:

a) Defendant's methods, planning, performing, estimating and bidding under Program 114–S;

b) Defendant's full cost of producing the *Commerce Business Daily* or other materials (including production records) at GPO's Chicago facility;

c) Defendant's full cost of performing proposed lot # 1, editorial services (including production records); [and]

d) The appropriations (including allocations and allotments), obligations and expenditures under Program 114–S, by or for (i) the GPO or (ii) the Department of Commerce.

As grounds for justifying an order of this court to compel production of the Technical Proposal of Jeffries and related documents, plaintiff states that such documents are "likely to include information concerning Jeffries' intent to joint venture or subcontract portions of the work [required by the solicitation]," and such data "could be relevant on the question of Jeffries' responsiveness and therefore relevant to plaintiff's motion for summary declaratory judgment." Oral argument on said (plaintiff's) summary declaratory judgment motion has been requested to be set after November 12, 1983; thus plaintiff's request for production prior to November 3, apparently, purports to provide ample time for its review and study of same prior to the requested date for oral argument thereon.

The court observes that plaintiff fails to allege with *specificity* any creditable grounds that would warrant this court's exercise of its discretion to compel the defendant to produce the requested documents and allow the requested inspection *at this point in time.* While in this connection plaintiff seeks inspection and production privileges for the purpose of "examining, inspection [sic] and observing facilities, processes, recordkeeping and work being performed by defendant at [the foregoing three facilities in connection with the production and distribution of the *Commerce Business Daily*]," it also proffers no legal basis reflective and supportive of its alleged

---

1. Plaintiff's Rule 37(a) motion consists of a packet of four documents which are separately captioned as follows: Plaintiff's Revised Second Motion for Expedited Discovery; Plaintiff's Memorandum In Support of Revised Second Motion for Expedited Discovery; Plaintiff's Revised Second Request for Production of Documents; and Plaintiff's Revised Request for Inspection of Facilities.

entitlement, at this posture. All that plaintiff avers is that if the pending summary judgment motions[2] are not dispositive of the case, "then an issue is likely to be the extent to which the government estimates were understated." Such averment falls woefully short of justifying the invocation of this court's discretion.

More importantly, plaintiff does not even contend that it will be substantially and/or irrevocably prejudiced on the merits, should they be reached, if such discovery is not permitted *at this time;* that failure to grant said motion would tend to exacerbate litigation costs; or that sound discretion requires that its motion be granted.

In opposition, defendant's memorandum, filed on October 27, 1983, strenuously resists plaintiff's motion to compel discovery prior to this court's ruling on its (defendant's) motion for summary judgment, *supra,* and further seeks an appropriate protective order,[3] for the following reasons:

   (i) it would impose a substantial burden on defendant, at this posture, for no good purpose;

   (ii) plaintiff has not and cannot demonstrate any *present* need for the requested discovery;

   (iii) the requested discovery would prove no more than the factual allegations in the complaint which are admitted for purposes of defendant's pending motion for summary judgment;

   (iv) defendant will, if need be, following the court's ruling on its summary judgment motion, respond to such a motion by plaintiff within two or three weeks; and

   (v) plaintiff should be directed to defer any discovery, if appropriate, until after this court's ruling on defendant's motion for summary judgment.

Given the foregoing, the threshold issue here, therefore, is whether, pending a motion for summary judgment by defendant, sound discretion compels allowance of such discovery where the facts, as here, sought to be discovered are admitted for purposes of said summary judgment and movant (plaintiff) is not now seeking to ascertain operative facts for purposes of establishing a genuine issue of material fact in opposition to the summary judgment.

## DISCUSSION

   ■ Rule 37(a)(2), United States Claims Court, tracks an identical rule promulgated as Federal Rules of Civil Procedure, Rule 37(a)(2), 28 U.S.C. Case law construing the latter makes clear that in a motion to compel discovery thereunder, which is committed to the sound discretion of the trial court,[4] the courts are obliged to pay particular attention to the mandate of Rule 1 of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action."[5] In *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979), the Supreme Court stated, in underscoring the significance of Rule 1 in discovery motions, that:

> [T]he discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, *speedy* and *inexpensive* determination of every action." (Emphasis added.) To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person

---

2. Defendant's Supplemental Summary Judgment Motion In Response to the Court's Order of October 11, 1983; and Plaintiff's Motion for Summary Declaratory Judgment.

3. Intervenor, Jeffries Banknote Company, also filed an Omnibus Pleading and Motion For A Protective Order on October 31, 1983, seeking a protective order with respect to discovery of its Technical Proposal submitted in Solicitation

\# 114–S as being confidential information under 5 U.S.C. § 552, and 18 U.S.C. § 1905.

4. *Zerilli v. Smith,* 656 F.2d 705, 710 (D.C.Cir. 1981); *Hastings v. North East Ind. School Dist.,* 615 F.2d 628, 631 (5th Cir.1980).

5. The identical language is found in RUSCC 1.

from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

■ The case at bar is one for equitable relief[6] brought by plaintiff prior to the award of a bid contract, in which defendant filed a supplemental motion for summary judgment, on the issue of the propriety of its cancellation of the solicitation, subsequent to this court's grant of a preliminary injunction favoring the plaintiff. In view of the procedural posture of this case and the requirements of RUSCC 1, this court obviously is compelled to rule in first instance on defendant's supplemental motion for summary judgment, which might obviate the necessity for a trial on the merits.[7] This position is clearly consistent with RUSCC 77.1, which imposes an obligation on this court to "manage assigned cases so as to provide for the prompt dispatch of business."

■ At this juncture, plaintiff has made no showing whatsoever that the items sought to be discovered are relevant to defendant's *pending* motion for summary judgment. Inasmuch as the granting of plaintiff's motion to compel would only bring facts to light relevant to a trial on the merits, which might or might not take place, to require defendant to comply with said motion, under the extant circumstances, would therefore unduly exacerbate the burden on defendant without justification. Moreover, pursuant to *Summit Nursing Home Inc. v. United States,* Ct.Cl. No. 89–74 (Order of April 15, 1975),[8] the predecessor court has held that where "a dispositive

motion was pending when the trial judge allowed discovery, his order was improvidently issued." In that case, the predecessor court thereupon ordered the suspension of, and entered a protective order against, further discovery pending a decision on defendant's dispositive motion.

■ While this court is compelled to follow only *published* opinions of the predecessor court, the foregoing opinion comports with the view of this court and we therefore adopt the holding therein.

IT IS THEREFORE ORDERED that plaintiff's foregoing motion pursuant to RUSCC 37(a) be, and is hereby, denied without prejudice; and that defendant's motion for a protective order, requesting that discovery be deferred pending a definitive ruling on its motion for summary judgment, be, and is hereby, granted.[9]

---

**6.** Pursuant to section 133 of the Federal Courts Improvement Act of 1982, 28 U.S.C. § 1491(a)(3).

**7.** The disposition of defendant's summary judgment motion, on the issue of whether defendant could legally *cancel* the solicitation, might also moot plaintiff's motion for declaratory summary judgment on the issue of whether defendant was legally entitled to *award* a contract to bidders other than plaintiff.

**8.** Pursuant to General Order No. 1 of the United States Claims Court, all *published* decisions

of the United States Court of Claims are accepted as binding precedent for the United States Claims Court, unless and until modified by decisions of the United States Court of Appeals for the Federal Circuit or the United States Supreme Court.

**9.** The protective order filed by Intervenor, Jeffries Banknote Company, on October 31, 1983, is also granted pending a definitive ruling on defendant's motion for summary judgment.