**CHERRY HILL SAND &
GRAVEL CO., INC.**

v.

**The UNITED STATES.**

No. 180–84C.

United States Claims Court.

Jan. 31, 1985.

---

Douglas G. Worrall, Baltimore, Md., for plaintiff; Danny B. O'Connor and Smith, Somerville & Case, Baltimore, Md., of counsel.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant; James E. Pinkowski, Federal Highway Administration, Washington, D.C., of counsel.

## MEMORANDUM OPINION

LYDON, Judge:

The matter presented to the court here is defendant's motion for an order compelling discovery and plaintiff's opposition thereto. On November 21, 1984, plaintiff filed a motion for summary judgment contending that this case encompassed no genuine issue of material fact with respect to the issue of entitlement in this contract case. Plaintiff asserted that the sole dispute in the case relates to the interpretation of a provision in its contract with defendant which is a question of law. On December 10, 1984, defendant filed a motion for continuance pursuant to RUSCC 56(f), in order to allow the court to consider its motion to compel discovery filed on the same day and to allow defendant a reasonable period of time to complete all necessary discovery.[1] In support of its motion to compel, defendant maintains that it needs plaintiff's responses to defendant's proffered interrogatories to enable it to fully address plaintiff's motion for summary judgment. Plaintiff maintains, in opposition to defendant's motion to compel, that further discovery by defendant is unnecessary in that the legal issue presented in this case can be decided without ascertaining any additional facts. After reviewing the arguments of both parties and the pertinent case law, the court grants defendant's motion to compel discovery.

### I.

On February 5, 1982, plaintiff entered into a contract (No. DTFH 71–82–C–0001) with the United States Department of Transportation, Federal Highway Administration (DOT) to construct wooden noise barriers or walls along the Dulles Access Highway in Fairfax, Virginia. Installation of the noise walls commenced in early 1983 and was completed sometime that year.

---

1. If a party opposing a motion for summary judgment "desires by discovery or other means to obtain opposing material which he does not then have, he should comply with [RUSCC] 56(f)." 6 J. Moore, *Moore's Federal Practice* ¶ 56.24 (2d ed. 1982). Defendant has done so in this case. The court notes that plaintiff did not object to defendant's motion for continuance but did express its objection to defendant's motion to compel discovery.

No issue has been raised concerning the quality of the work performed.

The dispute that did surface in this case surrounded the method of payment. Sections 640.06 and 640.07 of the contract govern the method of payment. These sections originally provided as follows:

### METHOD OF PAYMENT

640.06. Laminated wood noise walls will be measured by the square foot of exposed area (as seen from the roadway) of the same type (thickness) of panels.

### BASIS OF PAYMENT

640.07. Noise wall will be paid for at the contract unit price per square foot, complete in place, which price shall be full compensation for all panels, cap boards, hardware, excavation, backfill, and compaction, disposal of surplus or unsuitable material, restoration of property, and all materials, labor, tools, and equipment, and incidentals necessary to complete the work.

Payment will be made under:

| Pay Item | Pay Unit |
|---|---|
| 640(1) Laminated wood noise wall .... square foot | |

Section 640.06 was amended on December 30, 1981, to read:

640.06. Laminated wood noise walls will be measured by the square foot of surface area for the same type (thickness) of panels. This includes the portion in the ground.

Section 640.07 was not changed. At the same time that section 640.06 was altered the estimated quantities for the necessary laminated wood noise walls was altered to reflect the revised method of measurement. The original and revised estimates were as follows:

| Pay Item | Estimated Quantities Per Original Specifications | Estimates Quantities as Revised Per Addendum #1 |
|---|---|---|
| 640 (1A) | 5,000 sq. ft. | 5,500 sq. ft. |
| 640 (1B) | 15,500 sq. ft. | 23,000 sq. ft. |
| 640 (1C) | 7,800 sq. ft. | 11,000 sq. ft. |
| 640 (1D) | 26,000 sq. ft. | 37,000 sq. ft. |
| 640 (1E) | 8,000 sq. ft. | 10,000 sq. ft. |
| 640 (1F) | 9,500 sq. ft. | 13,000 sq. ft. |

During the installation of the noise walls, which are tall rectangular boxes with two faces and four sides placed side-by-side in trenches to form long barriers, it came to plaintiff's attention that it would only be compensated based on the square footage of the panel surface area, including the underground portion, which faced the roadway. In a letter dated March 25, 1983, plaintiff pointed out that its reading of section 604.06 required payment based on the square footage of all six sides of the rectangular panels. On April 12, 1983, defendant responded to plaintiff's March 25, 1983, letter indicating that the contract read as a whole properly required compensation to be based only on the surface area facing the roadway, including the underground portion, and not the total surface area of the rectangles. Defendant noted that the quantity schedule changes, cited above, would have been doubled if plaintiff's reading was accurate. Additionally, defendant pointed out that industry custom was contrary to plaintiff's reading of the method of payment provisions.

On May 10, 1983, plaintiff presented a claim to DOT for the difference between payment based on measuring the square footage of all six surfaces on the noise wall panels and measuring only the surface area, above and below the ground, of the side facing the roadway. On or about September 16, 1983, said claim was certified and submitted to the contracting officer. On November 4, 1983, the contracting officer issued his opinion denying the claim. On April 9, 1984, plaintiff filed its complaint in this court requesting additional

payment based on its reading of the method of payment provisions in its contract with defendant.

## II.

█ The only question addressed by the court at this time is whether the issues presented by the circumstances surrounding plaintiff's motion for summary judgment warrant allowing defendant to continue its discovery from plaintiff. If defendant's December 10, 1984, motions for a continuance and an order compelling discovery are treated as a motion made pursuant to RUSCC 56(f) then "[u]nless dilatory or lacking in merit, the motion [pursuant to RUSCC 56(f)] should be liberally treated." 6 J. Moore, *Moore's Federal Practice* ¶ 56.24 (2d ed. 1982) (footnotes omitted). It is left to the court's discretion to determine whether the reasons set out by defendant justify further discovery at this time. *Id.*[2]

In opposing defendant's motion to compel discovery, plaintiff contends that the issue presented in its motion for summary judgment warrants no further discovery. Plaintiff bases this contention on the fact that it maintains that the law requires the court to give the language of section 640.06 its plain and ordinary meaning. Plaintiff argues that if the court attributes such meaning to the language of section 640.06, it is unambiguous and capable of interpretation without the need for gathering further evidence. Therefore, plaintiff maintains additional discovery as requested by defendant lacks merit in that the facts obtained would be irrelevant.

Plaintiff's primary position is that when defendant amended section 640.06 it removed the parenthetical limiting description of the exposed area to be measured, "as seen from the roadway," and replaced the measuring area description with the following language: "The square foot of the surface area * * *. This includes the portion in the ground." Relying on the general rule that words in a contract are to be given their plain and ordinary meaning, plaintiff argues that surface area encompasses all six sides of the panels. *See Thanet Corp. v. United States*, 219 Ct.Cl. 75, 82, 591 F.2d 629, 633 (1979) (court ruled in part that language in a contract should be given its plain and ordinary meaning). Plaintiff maintains that this rule warrants this court granting its motion for summary judgment on the issue of entitlement and such a ruling would extinguish defendant's need for its requested discovery.

█ Plaintiff's position ignores an important factor. Its motion for summary judgment points out that the sole dispute in this case relates to the interpretation of a contract provision. In interpreting a contract several rules of law apply in addition to the rule that words should be given their plain and ordinary meaning. In interpreting a contract, "[p]rovisions of a contract must be construed so as to effectuate the spirit and purpose of the contract. The agreement must be considered as a whole, and interpreted so as to harmonize and give meaning to all its provisions." *Thanet Corp. v. United States, supra,* 219 Ct.Cl. at 82, 591 F.2d at 633 and cases cited therein.

Without expressing an opinion at this time concerning plaintiff's summary judgment motion, the above rule of law requiring the court to consider the entire contract as a whole may raise a question concerning the ambiguity of the term "surface area." Looking at the language in both the original section 640.06 and the amended version actually in the contract, it is arguable that an ambiguity may exist. Additionally, if plaintiff's position is correct, the fact that the quantity estimates were not doubled must be questioned.[3] This fact may also

---

**2.** Plaintiff has not asserted that defendant's motion to compel discovery was in any way dilatory and the court finds that defendant has in fact acted expeditiously in this case in all respects. Therefore, the only issue presented to the court

is whether or not defendant's request for discovery has merit.

**3.** This court's decision in *A & K Plumbing & Mechanical, Inc. v. United States,* 1 Cl.Ct. 716, 721 (1983) supports the court's use of material closely related to a contract, other than the

arguably give rise to a finding of ambiguity.

Another issue presented in this interpretation case which may give rise to the need for additional discovery by defendant is plaintiff's position concerning the December 30, 1981, amendment of section 640.06. Plaintiff essentially argues that, not only did the amendment include within the measured area, the surface area under ground facing the road, but the measured area also encompassed all surface areas on the six sides of the panels. Plaintiff was thus asserting complete contradiction between the two versions of section 640.06. Such a drastic alteration in the area used to calculate payment would arguably give rise to an ambiguity which could be considered patent. *See George Hyman Constr. Co. v. United States*, 215 Ct.Cl. 70, 80, 564 F.2d 939, 945 (1977). Such a patent ambiguity would impose a duty on plaintiff to inquire into the actual meaning of section 640.06. *Id.* 215 Ct.Cl. at 80–81, 564 F.2d at 945 and cases cited therein. *See also A & K Plumbing & Mechanical, Inc. v. United States*, 1 Cl.Ct. 716, 722 (1983). The fact that the adjusted quantity estimates were not doubled arguably adds to the patency of the ambiguity. Defendant's discovery may expose plaintiff's interpretation of the two versions of section 640.06 as well as plaintiff's awareness of these discrepancies.

■■■ If an ambiguity is found to exist, the court must still interpret the contract. In interpreting the contract the court must consider the reasonableness of the parties proffered interpretation. *See A & K Plumbing & Mechanical, Inc. v. United States, supra*, 1 Cl.Ct. at 720–21; *Sturm v. United States*, 190 Ct.Cl. 691, 695, 421 F.2d 723, 727 (1970). Plaintiff need not show its interpretation is the only reasonable one. *See A & K Plumbing & Mechanical, Inc. v. United States, supra*, 1 Cl.Ct. at 721. *See also Folk Constr. Co. v. United States*, 2 Cl.Ct. 681, 688 (1983).

strict contract provisions themselves, when interpreting a contract.

In a case analogous to this one, the Board of Contract Appeals was faced with ascertaining a reasonable interpretation of a contract. In *J.A. Jones Constr. Co.*, ASBCA No. 6220, 61–1 BCA ¶ 2886 (1960), the board stated:

We are here concerned with the question as to whether the contract is ambiguous and if so as to whether appellant's interpretation thereof is reasonable. That being so evidence as to customs and usages, technical meaning of terms, contemporary transactions, surrounding circumstances, etc. is for consideration in determining the intent of the parties [*Id.* at 15073].

This decision supports this court reviewing plaintiff's contemporaneous practice of billing and the general trade usage. For further support for utilizing trade practice information see *George Hyman Constr. Co. v. United States, supra*, 215 Ct.Cl. at 81, 564 F.2d at 945 and cases cited therein.

The court therefore concludes that the interpretation question in this case is not limited to the narrow issue of the plain and ordinary meaning of the term "surface area." Based on this conclusion, defendant's discovery requests are relevant to issues that may be presented in this case, and its motion to compel should be allowed. *See Johnson v. RAC Corp.*, 491 F.2d 510, 515 (4th Cir.1974); *Washington v. Cameron*, 411 F.2d 705, 711 (D.C.Cir.1969). *See also Aviation Specialities, Inc. v. United Technologies Corp.*, 568 F.2d 1186, 1189–90 (5th Cir.1978) (test for allowing discovery prior to a ruling on a motion for summary judgment focused on the helpfulness of the discovery, *i.e.*, would discovery develop significant aspects of the case or would it be likely to produce a genuine issue of material fact). It may turn out that defendant's discovery may not lead to a successful defense, but that should not preclude defendant from completing its discovery to ascertain material facts relevant to the issue of interpretation in this case. *See Johnson v. RAC Corp., supra*, 491 F.2d at 515.[4]

4. Further support for allowing defendant's motion to compel can be found in the breadth of

### III.

Based upon the above reasoning, the court grants defendant's motion to compel discovery and plaintiff is ordered to respond to defendant's discovery requests in compliance with the rules of this court with reasonable promptness in order to enable defendant to file its response, or cross-motion for summary judgment, by March 15, 1985, at the latest. The court encourages plaintiff to fully cooperate with defendant in this discovery effort in order that defendant might file its response as soon as is reasonably possible. If discovery efforts are hampered, then the court will give consideration, on appropriate motion by defendant, to extending defendant's time beyond March 15, 1985 relative to submission of its response to plaintiff's motion for summary judgment.

RUSCC 26(b). RUSCC 26(b) states in pertinent part:
"Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery * * *."

The court has clearly established that defendant's requested discovery is relevant to the issue of the reasonableness of plaintiff's interpretation of the contract provision and the issue of plaintiff's knowledge of a patent ambiguity. Therefore, under RUSCC 26(b) discovery should be allowed.