**RELIANCE INSURANCE COMPANY, and L.G. Lefler, Inc., Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 180–89C.**

United States Claims Court.

Oct. 18, 1989.

Anthony N. Palladino, Vienna, Va., for the plaintiffs.

J. Keith Burt, David M. Cohen, and Stuart Schiffer, Acting Asst. Atty. Gen., for the defendant.

### ORDER

ROBINSON, Judge.

This case is before the court on defendant's motion to suspend discovery pending disposition of its motion for partial summary judgment. The defendant moved to suspend discovery on four of the plaintiffs' six claims because a favorable ruling on its motion for partial summary judgment would preclude a large amount of costly discovery. The parties have fully briefed this issue, and for the following reasons, the defendant's motion to suspend discovery as to counts one, two, four, and five of the plaintiff's complaint is granted.

I.

This case involves a contract between the plaintiff, L.G. Lefler, Inc. ("Lefler") and the Department of Veterans Affairs ("VA") for the construction of an addition to the VA hospital in Tucson, Arizona. Reliance Insurance Company ("Reliance") is the performance and payment bond surety for Lefler and is ultimately liable for the completion of the project. At issue are six claims totalling $1.6 million which arose during the performance of the contract.

Defendant has filed a motion for partial summary judgment regarding four of the six claims. The four claims, totalling $1.2 million, seek the recovery of overhead for construction delays arising from certain change orders. However, defendant contends that Clause G–10 of the contract expressly limits the amount of recoverable overhead in the event of a change order. Since this exact clause was upheld in the case of *Santa Fe Engineers, Inc. v. United States*, 801 F.2d 379 (Fed.Cir.1986), the defendant has moved for partial summary judgment on all counts relating to the change orders.

Defendant contends that discovery is not appropriate until after the court rules on its motion for partial summary judgment. Defendant argues that a favorable ruling would prevent the incurrence of substantial additional costs which would result from requests for the production of documents, additional interrogatories, and depositions. Defendant also argues that plaintiffs' discovery requests are not relevant to the issues raised in its motion for partial summary judgment. Defendant does not object to discovery on the two claims totalling $.4 million which are not subject to its motion for partial summary judgment.

Plaintiffs vigorously oppose the suspension of discovery. Plaintiffs have filed an initial set of interrogatories and requests for production of documents. Plaintiffs contend that they need this information since the information is relevant to the issues raised in the defendant's motion for partial summary judgment. Moreover, plaintiffs anticipate filing a second set of interrogatories and requests for production of documents which allegedly are "directly responsive to the factual and legal issues raised by Defendant's Motion for Summary Judgment."

## II.

RUSCC 26(b) states, in pertinent part, that:

> Parties may obtain discovery regarding any matter not privileged, which is rele-
> vant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery....

Case law indicates that when considering a motion to compel or suspend discovery, Rule 1 of the Federal Rules of Civil Procedure is relevant.[1] RUSCC 1 provides that courts are "to secure the just, speedy, and inexpensive determination of every action." Indeed, the United States Supreme Court has stated that Rule 1 is an important consideration in discovery motions:

> [T]he discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they be construed to secure the just, speedy, and inexpensive determination of every action. To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be relevant should firmly be applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

*Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979).

In addition to the mandate of Rule 1, cases hold that the judge has broad discretion to limit and restrict discovery when justice requires. *Williamson v. United States Department of Agriculture*, 815 F.2d 368, 382 (5th Cir.1987). In fact, the predecessor court has held that where "a dispositive motion was pending when the trial judge allowed discovery, his order was improvidently issued." *See, Summit Nursing Home, Inc. v. United States*, Ct.Cl. (1975). However, suspension of discovery is not always appropriate when a dispositive motion is pending. When a dispositive motion is pending, the question of whether to suspend discovery depends upon the relevancy of the purported discovery requests, whether the facts

---

**1.** RUSCC 1 is identical to Federal Rule of Civil    Procedure 1.

have been stipulated to, and whether further discovery would uncover facts which would aid the party seeking discovery in its opposition to the dispositive motion. *See generally, Wall Industries v. United States,* 4 Cl.Ct. 659, 660–61 (1984).

■ It is necessary to ascertain how plaintiffs will oppose defendant's motion for partial summary judgment in order to determine whether its discovery requests are relevant to its opposition to the summary judgment motion. Plaintiffs will oppose defendant's summary judgment motion by distinguishing the case of *Santa Fe Engineers, Inc. v. United States,* 801 F.2d 379 (Fed.Cir.1986) from this case, by asserting that Clause G–10 does not apply to Reliance, and by contending that the Government waived the applicability of the G–10 clause in its dealings with the plaintiffs. Plaintiffs' Opposition to Defendant's Motion to Suspend Discovery, at 4–5. In its opposition to defendant's motion to suspend discovery, plaintiffs have specifically asked for two items of information which they will use to oppose defendant's motion for partial summary judgment: information regarding the extent of the alleged government-caused delay, and information regarding the VA's alleged failure to enforce the G–10 clause in all dealings with the plaintiffs. Plaintiffs claim that such information is available only from the defendant.

As a preliminary matter, plaintiffs' interrogatories do not relate to the matters it will assert in opposing defendant's motion for partial summary judgment, and for that reason alone, discovery is not warranted. Plaintiffs' interrogatories do not relate to their contentions that the G–10 clause eviscerates the standard Changes and Disputes Clauses, that the G–10 clause does not apply to Reliance, and that the Government

has waived the applicability of the G–10 clause as to the plaintiffs. Rather, the interrogatories relate to the plaintiffs' contentions that the Government caused delays in the performance of the contract. No interrogatory relates to the issues which are the subject of either defendant's motion for partial summary judgment or plaintiffs' opposition thereto. Therefore, the interrogatories plaintiffs thus far have propounded are not relevant to the claims which they will advance in opposing the defendant's motion for partial summary judgment.

Moreover, plaintiffs' first assertion, that the G–10 clause, as applied to them, eviscerates the standard changes and disputes clauses, presents legal questions involving interpretation of provisions of the contract which are known to the parties. These questions are ripe for adjudication. Plaintiffs' argument that they need to discover additional facts from the defendant to determine how the G–10 clause, as applied to *them,* eviscerates other clauses of the contract is without merit.

Plaintiffs' also seek discovery in connection with their contention that the G–10 clause does not apply to Reliance since Reliance did not actually perform any of the work under the contract. The court finds that this presents a question of law because it involves the straightforward interpretation of a contract clause.[2] Additionally, plaintiffs have failed to assert how discovery might help in proving this claim, and they have failed to show that any factual issues might exist.

Finally, plaintiffs' contend that the defendant's payment of at least one overhead claim to the plaintiffs constituted a waiver of the G–10 clause. Information regarding prior payments to plaintiffs for overhead claims should already be known to plaintiffs and readily available from records

---

**2.** The court is aware that in some contract disputes, even the seemingly straightforward interpretation of a contract requires discovery in cases where discovery is likely to produce a material factual dispute. *See, Cherry Hill Sand & Gravel Co. v. United States,* 7 Cl.Ct. 357 (1985). Here, however, and unlike the situation in *Cherry Hill,* there is no ambiguous phrase in the contract whose ambiguous meaning would be unveiled by further discovery. At issue here is whether a plain, unambiguous contract clause *applies* to the plaintiff. Although the plaintiff relies on *Cherry Hill,* it fails to allege any ambiguity in the clause at issue. In any event, the plaintiffs' interrogatories fail the relevancy test.

kept in the ordinary course of business. The court finds that the resolution of the waiver issue depends upon already existing, undisputed facts. Therefore, discovery will not be helpful as to plaintiffs' claim regarding waiver by the defendant of clause G–10.

### CONCLUSION

Because the plaintiffs have failed to establish any factual issue relating to their opposition to defendant's motion for partial summary judgment, and because plaintiffs' interrogatories do not relate to the issues presented by defendant's motion for partial summary judgment, the defendant's motion to suspend discovery pending resolution of its motion for partial summary judgment is granted. Discovery shall continue on counts three and six of plaintiffs' complaint. This order only affects discovery until the court's disposition of the defendant's motion for partial summary judgment. Further proceedings shall be in accordance with this court's order of September 7, 1989.