**CATELLUS DEVELOPMENT CORPORATION,**
**Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 91–1313L.**

United States Claims Court.

May 13, 1992.

Kevin H. Brogan, Los Angeles, Cal., attorney of record for plaintiff.

Andrew M. Eschen, Washington, D.C., with whom was Acting Asst. Atty. Gen. Barry M. Hartman, for defendant.

**ORDER**

REGINALD W. GIBSON, Judge.

*Introduction*[1]

This takings case is before the court on defendant's Motion To Stay Discovery

---

**1.** The filings with respect to this case have presented a rather unique situation. The following chronology clearly illustrates this point. The complaint in this matter was filed on July

Pending Resolution of Defendant's Motion To Dismiss, filed on March 30, 1992. This motion seeks to relieve defendant of the obligation to respond to plaintiff's Request for Identification and Production of Documents and Tangible Things, served on defendant on March 18, 1992. The parties have fully briefed the issue(s), and for the reasons expressed hereinafter, defendant's motion to stay discovery is denied in part and granted in part.

*Facts*

On July 24, 1991, plaintiff, the Catellus Development Corporation ("Catellus"), a California corporation, filed a complaint in this court against the United States for inverse condemnation arising out of an alleged unconstitutional taking of plaintiff's property. The essence of plaintiff's complaint is based on the assertion that, within six years prior to the filing of the complaint herein, the defendant, through its agency the United States Marine Corps, utilized certain sections of plaintiff's property for "aerial live fire training drills and bombardment." Complaint at 2.[2] It is these activities of defendant which plaintiff avers has "resulted in a substantial interference with [p]laintiff's use and enjoyment of its property . . . without compensation in violation of the Fifth Amendment. . . ." *Id.* at 3.

In response to said complaint, defendant filed an answer on November 25, 1991, and thereafter served on plaintiff Requests to Admit, to which plaintiff responded on January 30, 1992. DMStay at 1–2. Based upon plaintiff's responses to defendant's requests for admissions, defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction on March 18, 1992, asserting that subject action is barred by the six-year statute of limitations under the Tucker Act, 28 U.S.C. § 2501. Defendant's central argument in support of its motion to dismiss is that plaintiff admitted in its response to the request to admit that defendant had been utilizing the property at issue for aerial live fire training drills and bombardment *since prior to July 24, 1985,* which consists of a time frame greater than six years prior to the filing of the complaint at bar on July 24, 1991.

On March 18, 1992, the same day that defendant filed its motion to dismiss, plaintiff served upon defendant a Request For Identification and Production of Documents and Tangible Things pursuant to RUSCC 34(b). Plaintiff's Reply, Exhibit A. Said request contained 21 specific document categories and demanded defendant "to produce documents as they are kept in the usual course of business. . . . and in full

---

24, 1991. Following defendant's answer and other pretrial discovery conducted by defendant, defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction on March 18, 1992. On this same day, March 18, 1992, plaintiff served on defendant requests for discovery. In opposition, defendant filed a motion to stay discovery pending its motion to dismiss on March 30, 1992. The unique situation is that on April 17, 1992, plaintiff filed a response to defendant's motion to dismiss. As a general rule, this response would constitute a waiver by plaintiff to file an opposition to defendant's motion to stay. However, a strict reading of plaintiff's response to Defendant's Motion To Dismiss shows that in substance it is really a supplemental opposition to defendant's motion to stay rather than a responsive opposition to Defendant's Motion To Dismiss. The specific language evidencing this conclusion is as follows:

> Until discovery has been completed, it is impossible to determine the jurisdictional issues raised in Defendant's Motion To Dismiss.

> [Plaintiff] should be given the opportunity to gather evidence necessary to establish that the statute of limitations was tolled. Therefore, Defendant's Motion To Dismiss should be denied or continued until the parties possess sufficient evidence to determine when Catellus' claim first accrued and whether the statute of limitations was tolled at any time.

Plaintiff's Response to Defendant's Motion To Dismiss at 8.

The foregoing language clearly explicates that plaintiff is averring an opposition to defendant's motion to stay. Accordingly, this order will address matters pertaining only to issues regarding discovery when a dispositive motion is pending. This court will address defendant's motion to dismiss at a later appropriate time.

2. As part of these drills, plaintiff further states that its "property has been subjected to aerial bombing and bombardment . . . [and as a result of the drills] unexploded ordnance has been placed and remains upon [p]laintiff's property both above and below the surface." Complaint at 2–3.

**212**

and unexpurgated form." Exh. A at 10 and 14. In opposition thereto, defendant filed its motion to stay on March 30, 1992, pursuant to RUSCC 12(i).

*Contentions of the Parties*

1. Defendant

In support of its position, defendant offers two arguments. First, defendant contends that established case law unequivocally provides that "discovery addressing the merits of a claim is not appropriate until *after* the court has ruled on a pending dispositive motion." DMStay at 4. The case law to which defendant refers focuses primarily on the inefficiencies and expenses involved in discovery *prior* to the time the court even addresses a dispositive motion. Defendant, nevertheless, concedes that the propriety of suspending discovery depends upon the relevancy of the discovery requests and whether such requests are directed to the merits of the case or whether they are aimed at obtaining facts which would assist the party in opposing the dispositive motion. However, here at bar, defendant contends that plaintiff's discovery requests are clearly designed to solely address the merits and are not sufficiently tapered to or focused on the narrow issues involved in addressing the subject motion to dismiss. *Id.* at 4.

Secondly, and interrelated to its first contention, defendant argues that since plaintiff has admitted that defendant's activity on plaintiff's property commenced *prior to July 24, 1985*, thereby causing this action to accrue at the latest on that date, the running of the six-year statute of limitations would necessarily deprive this court of jurisdiction as of July 24, 1991. Discovery in such circumstances, argues defendant, would, of course, be inappropriate. DMStay at 2–5; D's Reply et al. Specifically, defendant points to its Requests to Admit, in which defendant asked plaintiff to admit whether the property at issue was used for live fire training drills prior to July 25, 1985. In response, plaintiff provided the following answer:

> Plaintiff admits that *according to information provided to it by Defendant, and solely based upon that informa-*

*tion,* prior to July 24, 1985, Defendant used the property described in paragraph 5 of Plaintiff's Petition for Inverse Condemnation for live fire training drills and bombardment.

P's Opposition at 7 (emphasis added). Given this answer, which in essence constitutes a judicial admission, defendant contends that the court should grant its motion to stay discovery. It so concludes inasmuch as it believes that the six-year statute of limitations has run and plaintiff's objective can only be to secure facts for purposes of the merits which are, of course, irrelevant on all issues respecting the motion to dismiss.

2. Plaintiff

Plaintiff, on the other hand, adamantly opposes defendant's motion to stay discovery and offers three specific arguments in support of its position. First, plaintiff avers that the burden imposed by RUSCC 12(i), which requires that a motion filed pursuant to Rule 12(b) "shall not suspend discovery unless for *good cause* shown," has not been met by defendant. P's Opposition at 3.

Secondly, plaintiff contends that the pending discovery request is relevant to the operative issues raised in the dispositive motion and are imperative to establish plaintiff's opposition thereto. Although plaintiff candidly concedes that some of its discovery requests improvidently concern the merits of its claim, it fervently argues, nevertheless, that most are clearly and directly relevant. *Id.* at 3–4. In this connection, plaintiff contends that limited discovery is imperative in order to determine *when* the claim accrued and *whether* at any time there was a tolling of the statute of limitations.

For example, plaintiff states that the category 9 requests pertain to securing facts that will establish when defendant *began* conducting the training drills which would be indispensable in determining *when* the claim *first accrued.* In addition, plaintiff notes that request categories 8, 10, 11, 12, 13, 14, 15, 16, 18, and 19, which pertain to the nature and extent of damages to the

property at issue, are relevant to the issue as to *when* defendant's activities *rose* "to the level of a taking." *Id.* at 4. Finally, plaintiff argues that request categories 2, 3, 4, 5, 6, 7, 12, 17, 20, and 21, which pertain to the objective conduct of the defendant, may have tolled the statute of limitations.[3] *Id.*

Plaintiff's third and final contention is that it would be fatally prejudicial if it were not permitted to conduct such limited discovery which facts may be probative on the jurisdictional issues, even if said discovery tangentially concerned the merits of the claim. *Id.* at 7–8.

*Issue*

The operative issue in this case, therefore, is—whether a defendant's motion to stay discovery in a taking claim pending the resolution of its motion to dismiss for lack of subject matter jurisdiction may be granted, where plaintiff alleges that its limited discovery requests are imperative to determine *when* the taking actually accrued and *whether* the statute of limitations, which is the basis for defendant's jurisdictional argument, was ever tolled.

*Discussion*

1. Discovery

Rules regarding discovery in the United States Claims Court are generally liberal. For example, RUSCC 26(b) states in part that:

> Parties may obtain discovery regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action*, whether it relates to the claim or defense of the party seeking discovery. . . .

(emphasis added).

In addition, as noted previously, RUSCC 12(i) provides that:

> The filing of a motion pursuant to Rule 12(b) [including motions to dismiss for lack of jurisdiction], 12(c) or 56 *shall not suspend discovery unless for good*

*cause shown* on separate motion the court in its discretion so orders. (emphasis added).

Case law in this court has firmly entrenched these procedural principles. For example, it has recently been held that "suspension of discovery is not always appropriate when a dispositive motion is pending." *Reliance Ins. Co. v. United States,* 18 Cl.Ct. 359, 360 (1989). The court further expanded this statement by noting that:

> When a dispositive motion is pending, the question of whether to suspend discovery depends upon the relevancy of the purported discovery requests, whether the facts have been stipulated to, and whether further discovery would uncover facts which would aid the party seeking discovery in its opposition to the dispositive motion.

*Id.* at 360–61. Pertinent to the foregoing, *see also Commonwealth Oil Refining Co. v. Houdry Process Corp.,* 22 F.R.D. 306 (D.C.N.Y.1958) (protective order to stay discovery denied when plaintiff sought discovery only on the jurisdictional issue and not on the merits).

Although the established procedural rules with respect to discovery in this court are liberal, they must nevertheless be balanced with RUSCC 1, which provides that courts are "to secure the just, speedy, and inexpensive determination of every action." In this connection, the U.S. Supreme Court has clearly explicated the appropriate interaction of RUSCC 1 with the important considerations to be weighed in granting discovery motions.

> [T]he discovery provisions [of the Federal Rules] are subject to the injunction of Rule 1 that they "be construed to secure the just, *speedy,* and *inexpensive* determination of every action." To this end, the requirements of Rule 26(d)(1) [of the Federal Rules] that the material sought in discovery be "relevant" should firmly be applied, and the . . . courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embar-

---

**3.** Plaintiff concedes that only requests under category 1 go to the merits.

rassment, oppression, or undue burden or expense...." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

*Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (emphasis in original).

Moreover, it has been held that the judge has broad discretion to limit and restrict discovery when justice so requires. *Reliance Ins. Co.* at 360, *citing Williamson v. United States Dept. of Agric.*, 815 F.2d 368, 382 (5th Cir.1987). It has also been held that where "a dispositive motion was pending when the trial judge allowed discovery, [the] order was improvidently issued." *Id., quoting Summit Nursing Home, Inc. v. United States*, Cl.Ct. No. 89–74 (order of April 15, 1975). *See also Blair Holdings Corp. v. Rubinstein*, 159 F.Supp. 14, 15 (S.D.N.Y.1954) (in the absence of a showing by plaintiff that it had been prejudiced, discovery on the merits was postponed until the jurisdictional issue had been decided); *International Graphics, Div. of Moore v. United States*, 3 Cl.Ct. 715, 717–18 (1983) (plaintiff was not entitled to discovery during the pendency of defendant's dispositive motion, where plaintiff made no showing that discovery was relevant to that dispositive motion).

■ In light of the foregoing, it is necessary for this court to balance the competing alternatives. That is to say, we must weigh the competing interests of the judicial system in assuring a speedy and economically-efficient process against—the potential prejudicial effect on the plaintiff if defendant's motion to stay is granted; the liberal discovery rules as stated in the Rules of this court; and established case law where the discovery requests are clearly limited and focused on one or more of the dispositive issues. This test essentially entails a determination of—whether plaintiff's discovery requests address the critical issue of jurisdiction or whether plaintiff's requests in actuality address the merits of the case.

### 2. Plaintiff's Discovery Requests

Defendant's central argument is premised upon the contention that inasmuch as plaintiff admitted that "prior to July 24, 1985, defendant *used* the property [at issue] ... for live fire training drills and bombardment," the factual issue concerning the commencement of the running of the statute of limitations for a taking is indisputably fixed, and, since the complaint was not filed in this court until July 24, 1991, admittedly the six-year statute of limitations period has run. Defendant consequently argues that in light of plaintiff's admission as to the running of the statute of limitations, the discovery request cannot be pertinent to the motion to dismiss.

■ It has been stated that the "accrual" of a cause of action takes place when all events necessary to give rise to the alleged liability of the government have occurred, thus entitling plaintiff to institute the action. *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct.Cl. 630, 632, 373 F.2d 356, 358 (1967), *cert. denied*, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1968). The mere admission that the "defendant *used* the property," as noted, without more, may not necessarily precipitate the accrual of a cause of action. With respect to the plaintiff's claim in this case, accrual would, of course, occur when actions by the United States Marine Corps increased to the point where their frequency amounted to a *substantial* interference with plaintiff's use and enjoyment of the property. This is, of course, a fact-intensive issue amenable to appropriate discovery. In this connection, the courts have held that where the alleged taking arises from a series of continuous events, as is apparent in the case here with regard to actions by the Marine Corps, the date of the taking will depend upon the facts of the specific case. *Barnes v. United States*, 210 Ct.Cl. 467, 480, 538 F.2d 865, 873 (1976). Moreover, in certain situations, the statute of limitations may be suspended if at the time the claim accrues, the plaintiff can demonstrate concealment of the injury or that the injury was "inherently unknowable" at the accrual date. *Japanese*

*War Notes Claimants Ass'n,* 178 Ct.Cl. at 634, 373 F.2d at 358–59.

As a result of these nuances regarding the commencement of the accrual of a cause of action in takings claims, plaintiff must be permitted to continue its discovery if it has the proclivity of unearthing operative facts critical to the dispositive motion. Specifically, and relevant to the foregoing, plaintiff may request discovery regarding the time defendant commenced its activities on the land, the nature and extent of said activities, and any other relevant information that may enlighten this court as to any tolling of the statute of limitations.

Defendant cannot prevail on its arguments by merely basing its motion to stay on plaintiff's limited admission. First, the admission states that it is based *solely* upon information obtained from the defendant apparently without verification. This circumstance should not prevent plaintiff from obtaining verifiable information from defendant concerning the ultimate operative facts, *i.e.,* the commencement of activities on the land which may form the factual basis for the accrual of their cause of action. In addition, the admission does not address the true accrual of the takings claim, in that it only describes the *commencement of activities* and not the extent of such activities which would raise them to the level of a compensable taking. As noted in *Barnes,* the determination of the accrual date is intensively fact specific to each case where the alleged taking results from a series of continuous events. Therefore, we hold that plaintiff is clearly entitled to present additional evidence probative as to the operative accrual date. Finally, the so-called admission does not address any possible tolling of the statute of limitations as to which plaintiff perceives to be relevant and is clearly entitled to pursue.

## Conclusion

In light of the balancing test and foregoing discussion, we are constrained to conclude that plaintiff is entitled to further limited discovery in this matter. However, we underscore that plaintiff is entitled only to that discovery which is necessary to assist it in defending the motion to dismiss for lack of subject matter jurisdiction. Accordingly, defendant's motion to stay is granted in part and denied in part, *infra.* Through this ruling, we have prejudiced neither party by limiting the grant and scope of discovery, and concomitantly we have met our obligation of judicial efficiency consistent with RUSCC 1.

Given the foregoing, it is hereby ordered that defendant shall respond to the following requested discovery categories in Plaintiff's Request for Identification and Production of Documents and Tangible Things: Categories 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21.

Defendant need not respond to Category 1. Category 1 is deemed overly broad and applies more to the merits of the claim than to the jurisdictional question at issue.[4]

IT IS SO ORDERED.

---

**4.** A ruling on Defendant's Motion To Dismiss is hereby stayed pending the following:

    1. Plaintiff shall have until June 27, 1992, to conduct the discovery permitted herein;

    2. Plaintiff shall file a supplemental response to defendant's motion to dismiss on or before July 27, 1992;

    3. Defendant shall file its reply to plaintiff's supplemental response on or before August 10, 1992.

    In light of the instant discovery and briefing schedule set forth herein, the settlement conference presently set for May 18, 1992, is hereby cancelled as premature.