**STATE OF FLORIDA, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 94–28C.

United States Court of Federal Claims.

Feb. 6, 1995.

Michael A. Gross, Tallahassee, FL, atty. of record, for plaintiffs.

---

John P. Sholar, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

### INTRODUCTION

This matter comes before the court on Defendant's Motion to Suspend Discovery, filed January 26, 1995. Defendant requests that this court suspend discovery pending the resolution of its dispositive motion(s), which it allegedly *intends* to file on or before February 17, 1995. Thus, at present, no such dispositive motion is before the court. Accordingly, defendant's subject motion to suspend discovery is, of course, at the very least, premature. For the reasons set forth below, defendant's motion is denied.

### BACKGROUND

During the 1980s, in response to an outbreak of a plant disease known as citrus canker, the Florida Department of Agriculture and Consumer Services (DACS) and the U.S. Department of Agriculture (USDA) conducted a citrus canker eradication program. Pursuant to the program, the USDA ordered the destruction of plants believed to be infected with that disease. However, in such circumstance, regulations provided for the payment of compensation to the owners of the destroyed plants. Specifically, the USDA agreed to pay fifty percent (50%) of the replacement value of the destroyed plants. In accordance with the regulations, the USDA and the DACS entered into a series of cooperative agreements whereby the parties agreed to share the total program costs on an equal basis, from October 1, 1984 to April 30, 1986.

The State of Florida and the DACS have filed suit seeking approximately $34 million in compensation for the USDA's share of costs incurred in pursuance of the citrus canker eradication program, which they allege defendant agreed to share equally. Currently, the parties are due to complete discovery by March 15, 1995.[1] The United States now moves to suspend discovery, and, in said motion, defendant states that it intends to file a motion to dismiss, or, in the alternative, for summary judgment, on or before February 17, 1995. Moreover, defendant informs the court that plaintiffs have advised that they will oppose its prospective motion to suspend discovery. In support and justification of its motion, the United States blandly asserts that by suspending discovery, pending the resolution of its anticipated dispositive motion, the interests of justice will be served. We are not convinced that such a showing has been made.

### DISCUSSION

Solely on this pleading, we believe that there are at least two reasons why defendant's motion should be denied. First, as no dispositive motion is currently pending before this court, the subject motion is clearly premature (subpart A, *infra*). Second, depending on the content of defendant's anticipated dispositive motion, plaintiff may very well be entitled to limited discovery to supplement or oppose the affidavits relied on for an alternative summary judgment motion, as permitted under RCFC 56(f) and (g)[2] (subpart B, *infra*). Moreover, RCFC 12(i) provides that "[t]he filing of a motion pursuant to Rule 12(b), 12(c) or 56 shall *not* suspend discovery unless for *good cause shown* on separate motion the court *in its discretion* so orders." (emphasis added). Because we find that defendant has failed to show good cause why discovery should be suspended, this court declines to exercise its discretion to suspend discovery.

---

1. See this court's order dated December 19, 1994.

2. RCFC 56(f) states in relevant part: "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." RCFC 56(g) states as follows: "Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify such party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

**A.** We are compelled to so rule under the rules of this court inasmuch as "[p]arties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action...." RCFC 26(b)(1). However, this liberal rule is—

> subject to the injunction of Rule 1 that [it] be construed to secure the just, speedy, and inexpensive determination of every action. To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be relevant should firmly be applied, and the [trial] courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

*Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (discussing the analogous Federal Rule of Civil Procedure). *See also Black v. United States,* 24 Cl.Ct. 465, 468 (1991); *Reliance Ins. Co. v. United States,* 18 Cl.Ct. 359, 360 (1989). However, it is clear that "[q]uestions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court." *Florsheim Shoe Co. v. United States,* 744 F.2d 787, 797 (Fed.Cir.1984). In the exercise of this discretion, it is not surprising that the U.S. Court of Federal Claims has, on appropriate occasions in the past, suspended discovery pending the resolution of dispositive motions. *See e.g., Reliance, supra. See also Scope Enterprises, Ltd. v. United States,* 18 Cl.Ct. 875, 881, n. 1 (1989). Defendant argues that, in order to prevent waste and conserve judicial resources, this is one of those appropriate occasions in which this court should not allow discovery that may ultimately prove unnecessary. It, therefore, argues that discovery should be suspended in this case because the resolution of its anticipated dispositive motion may make further discovery unnecessary. However, as previously noted, no dispositive motion is currently pending before the court. Thus, a ruling suspending discovery, on the supposition that it may prove to be unnecessary, pending the resolution of a dispositive motion which has not yet been filed, would be purely speculative. This court declines to engage in such speculation. We will not suspend discovery based on a motion which has not been filed and which may never be filed, and even if it were filed, defendant has made no clear showing to the entitlement for which it prays. We, therefore, hold, for these reasons alone, that defendant's motion is, at the very least, premature.

**B.** The second reason why this court should deny defendant's motion to suspend discovery is that the court must allow discovery requests which are relevant to plaintiffs' opposition to defendant's dispositive motion (*i.e.,* prospective motion in this case) as follows:

> [S]uspension of discovery is not always appropriate when a dispositive motion is pending. When a dispositive motion is pending, the question of whether to suspend discovery depends upon the relevancy of the purported discovery requests, whether the facts have been stipulated to, and whether further discovery would uncover facts which would aid the party seeking discovery in its opposition to the dispositive motion.

*Reliance,* 18 Cl.Ct. at 360–61. Thus, on this record, it would almost certainly border on an abuse of discretion for this trial court to suspend discovery where a plaintiff opposing said dispositive motion makes a showing that it needs discovery to aid in its opposition (or was not given an opportunity to make such a showing). *See New America Shipbuilders, Inc. v. United States,* 871 F.2d 1077, 1081 (Fed.Cir.1989). This is particularly so, when considering a summary judgment motion, a trial court may permit affidavits to be supplemented or opposed by *depositions, answers to interrogatories,* or further affidavits. RCFC 56(f) and (g).

In order to determine whether plaintiffs would be entitled to further discovery on a prospective motion for summary judgment, "[i]t is necessary to ascertain how plaintiffs will oppose defendant's motion," *Reliance,* 18 Cl.Ct. at 361, and whether plaintiffs need to support or oppose the affidavits relied on for summary judgment. Logic, of course, dictates that such a determination is impossible without defendant's motion to dismiss or, in

the alternative, for summary judgment (including supporting affidavits) in hand. Consequently, in the present posture of this case, this court could not properly suspend discovery, consistently with the letter and spirit of the rules of this court, because plaintiffs may very well be entitled to discovery necessary to facilitate their opposition to defendant's prospective dispositive motion(s). The court has a responsibility to afford plaintiffs an opportunity to demonstrate that their discovery requests are related to their opposition to defendant's dispositive motion. *See New America*, 871 F.2d at 1081. Were we to grant defendant's motion to suspend discovery at this juncture, we would be remiss in our stated obligation.

## CONCLUSION

For the above-stated reasons, we conclude that Defendant's Motion to Suspend Discovery is premature. Moreover, because this case is not at present in a posture in which the court could properly evaluate defendant's request for the suspension of discovery, defendant has also failed to show "good cause" why the court should exercise its discretion to grant its motion. RCFC 12(i). Accordingly, defendant's motion is hereby DENIED.

IT IS SO ORDERED.